David Cohen, Respondent, *v.* State of New York, Appellant. (Claim No. 42076.)

Third Department, May 6, 1966.

*Louis J. Lefkowitz, Attorney-General (Anthony J. Lokot, Ruth Kessler Toch* and *Herbert H. Smith* of counsel), for appellant.

*Michael I. Winter* and *Louis Kaye* for respondent.

TAYLOR, J. This is an appeal by the State of New York from a judgment of the Court of Claims awarding damages to claimant for unlawful imprisonment.

Following his plea of guilty entered on February 6, 1956 to an indictment filed in the County Court of Queens County claimant was released on bail pending sentence. While on bail he was arrested on March 25, 1956 in New York County for attempted extortion and committed to the city prison by order of the presiding Magistrate of the Felony Court of the County of New York. On April 10, 1956, he was returned to the County Court of Queens County and sentenced to imprisonment in Sing Sing Prison for a term of not less than four years nor more than five years. On April 12, 1956 he was taken to the city prison in New York County under a detainer warrant to await action on the extortion charge. On April 19, 1956 claimant was indicted in the Court of General Sessions of the County of New York on the second charge and on April 23, 1956 arraigned thereon and committed to the city prison. On January 22, 1957 he pleaded guilty to one of the counts of the indictment and on March 4, 1957 was sentenced to a term of one year in the city prison from which he, having been credited with 344 days of jail time, was released on March 20, 1957. On March 22, 1957 claimant was received at Sing Sing Prison to begin the sentence imposed on April 10, 1956 and was released after he had served its maximum term.

Thereafter the claimant filed the instant claim alleging that the sentences imposed by the County Court of the County of Queens and by the Court of General Sessions of the County of New York ran concurrently and not consecutively and that " the Correction Department of the City of New York and all State agencies and departments purportedly acting under the

aforesaid sentences, violated said mandates of the courts and meted out to the claimant '' punishment beyond their scope. The trial court citing section 2190 of the Penal Law and *Matter of Browne* v. *Board of Parole* (10 N Y 2d 116) correctly found that the two sentences ran consecutively and in effect that the gravamen of the claim could not be upheld (47 Misc 2d 470).

Relying upon the provisions of section 488 of the Code of Criminal Procedure it imposed liability upon the State, however, upon the theory that claimant during the period between April 10, 1956, when he was sentenced on the first conviction and March 22, 1957 when he was received at Sing Sing Prison, although concededly then legally detained in New York under the second charge, was unlawfully deprived of his liberty by the State for the 344-day period because of its failure to deliver him to the Warden of Sing Sing Prison to begin the service of the sentence imposed by the County Court of the County of Queens.

In pertinent part section 488 reads: '' In all other cases, in such counties [within City of New York], when the sentence is imprisonment, the commissioner of correction of such city must deliver the defendant to the proper officer, in execution of the judgment.'' The duty to deliver under the statute is clearly imposed on the Commissioner of Correction of the City of New York. Since the State is not liable for the acts of municipal officers or employees any dereliction of duty on the part of the commissioner, if there was such, would provide no basis upon which the State could be cast in damages. (*Fishbein* v. *State of New York,* 282 App. Div. 600, 602–603, mot. for lv. to app. den. 282 App. Div. 1093.)

The judgment should be reversed, on the law and the facts, and the claim dismissed.

GIBSON, P. J., HERLIHY, REYNOLDS and AULISI, JJ., concur.

Judgment reversed, on the law and the facts, and claim dismissed, without costs.