CHARLES MIDDLETON, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 58534.)

Third Department, December 9, 1976

*Louis J. Lefkowitz, Attorney-General (Peter J. Dooley* and *Ruth Kessler Toch* of counsel), for appellant-respondent.

*Haskell, Blatt, Koppelman & Evans (Ronald S. Koppelman of counsel), for respondent-appellant.*

MAIN, J. In 1969, claimant was sentenced in Kings and Westchester Counties respectively to concurrent terms of imprisonment not to exceed four years and seven years in the custody of the Department of Correctional Services upon his guilty pleas to separate crimes of robbery in the third degree. Subsequently, after numerous proceedings and appeals, it was ultimately determined in *People ex rel. Middleton v Zelker* (42 AD2d 998, affd 36 NY2d 691) that claimant was in fact retained in the custody of the Department of Correctional Services for approximately 14 months beyond the appropriate release date for his concurrent sentences, and, based upon this decision, claimant now seeks damages from the State for his alleged false imprisonment. As noted above, cross motions for summary judgment by both parties were denied by the Court of Claims, and these appeals ensued.

We hold that the Court of Claims should properly have granted summary judgment to defendant. To establish a cause of action for false imprisonment, a plaintiff must establish that he was intentionally confined by the defendant, that he was conscious of his confinement and did not consent thereto, and that the confinement was not otherwise privileged *(Broughton v State of New York,* 37 NY2d 451, cert den *sub nom Schanbarger v Kellogg,* 423 US 929). In this instance, even assuming *arguendo* that the complaint was timely filed, it is clear that the confinement of plaintiff by the Department of Correctional Services was privileged. Pursuant to section 600-a of the Correction Law, it was the duty of the Westchester County Sheriff, upon claimant's commitment to the custody of the Department of Correctional Services, to certify the amount of jail time credit to which claimant was entitled in diminution of his seven-year sentence, the longer and thus controlling term (Penal Law, § 70.30, subd 1, par [a]). That it was later judicially determined that the Sheriff's certification of 72 days' credit was erroneous and that claimant was entitled to a credit of 526 days and, thus, had been incarcerated beyond his appropriate release date *(People ex rel. Middleton v Zelker, supra)* does not serve to impose liability upon the State here because it was acting under a warrant of commitment valid on its face (cf. *Nastasi v State of New York,* 275 App Div 524, affd 300 NY 473) and cannot be held responsible for any possible dereliction of duty on the part of

the Sheriff or other local officers or employees (cf. *Cohen v State of New York,* 25 AD2d 339, affd 22 NY2d 728). Moreover, it is now well settled that prison officials are conclusively bound by the contents of commitment papers accompanying a prisoner and that they cannot add to or detract therefrom *(Matter of Charos v New York State Dept. of Correctional Servs.,* 53 AD2d 654; *People ex rel. Coates v Martin,* 8 AD2d 688; *People ex rel. Jackson v Weaver,* 279 App Div 88).

As for claimant's motion for leave to amend his claim, this was properly denied by the court. Since the proposed amendment would seek damages on the ground that claimant was "held on parole for too long a period of time" it relates to events subsequent to the alleged false imprisonment and seeks to enforce a different obligation or liability. Accordingly, the State cannot be charged with the requisite notice of the transactions and occurrences underlying the proposed amended claim *(Abrams v Maryland Cas Co.,* 300 NY 80; *Marsala v State of New York,* 41 AD2d 878).

Our resolution of the above issues renders consideration of the parties' remaining contentions unnecessary.

The order should be modified, on the law, by reversing so much thereof as denied defendant's motion for summary judgment and directing that summary judgment be entered for defendant, and, as so modified, affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, SWEENEY and KANE JJ., concur.

Order modified, on the law, by reversing so much thereof as denied defendant's motion for summary judgment and directing that summary judgment be entered for defendant, and, as so modified, affirmed, without costs.