■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES EVANS, Appellant, v WALTER D. FOGG, as Superintendent of the Eastern New York Correctional Facility, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered June 6, 1979 in Ulster County, which denied, without a hearing, a petition for a writ of habeas corpus. On December 5, 1973 petitioner was sentenced to an indeterminate term of imprisonment of zero to three years upon his plea of guilty of the crime of attempted burglary in the third degree. No appeal was taken from this conviction, and as a result thereof, on February 7, 1977, he was sentenced, as a second felony offender, to an indeterminate term of imprisonment with a maximum of eight years and a minimum of four years upon his conviction for the crime of burglary in the second degree. Subsequently, on January 6, 1978, his motion pursuant to CPL 440.20 for a *Montgomery* hearing for an extension of time to take an appeal from his 1973 conviction was denied in an order of the court of his original conviction (see *People v Montgomery,* 24 NY2d 130), and permission to appeal this order was likewise denied on February 27, 1978. With these circumstances prevailing, petitioner commenced the instant proceeding by a petition for a writ of habeas corpus dated May 16, 1978. By means of this proceeding petitioner seeks to gain a reversal of his 1973 conviction and thereby invalidate his subsequent sentencing on his 1977 conviction as a second felony offender. Basically, he argues that his 1973 conviction should be reversed for three reasons, to wit, that his guilty plea was unlawfully induced by the court in that he was led to believe that he would receive a sentence of probation whereas a three-year indeterminate term was subsequently imposed, that the court failed to advise him of his right to appeal his conviction and that his court-assigned lawyer had promised to prepare and file a notice of appeal for him and had negligently forgotten to do so. At Special Term his petition was denied without a hearing, and this appeal followed. We hold that the order of Special Term should be affirmed. Concededly, the allegations in the subject petition as to why the 1973 conviction should be set aside are supported solely by petitioner's baldface assertions, and the record contains no indication that petitioner objected to his three-year indeterminate term when it was imposed in 1973. Additionally, and most significantly, while it appears that a motion by petitioner for a *Montgomery* hearing would now be time barred (see CPL 460.30, subd 1; *People v Corso,* 40 NY2d 578), he nonetheless still has available a motion to vacate his 1973 conviction pursuant to CPL 440.10. Petitioner has not as yet made such a motion which would provide him with an opportunity to challenge his 1973 conviction in the court where the judgment was entered against him, and such being the case, he cannot properly make a collateral attack upon the conviction pursuant to the instant habeas corpus petition *(People ex rel. Russell v Le Fevre,* 59 AD2d 588, mot for lv to app den 42 NY2d 811; *People ex rel. Malinowski v Casscles,* 53 AD2d 954, app dsmd 40 NY2d 989). Judgment affirmed, without costs. Staley, Jr., J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.