OPINION OF THE COURT
John G. Connor, J.
In this CPLR article 78 proceeding petitioner seeks judgment as follows:
"A. Vacating respondents’ sentence computations;
*757 "B. Ordering respondent to compute petitioner’s sentence and parole computations as follows:
"(i) parole eligibility: November 27, 1987
"(ii) conditional release: November 27, 1988
"(iii) maximum expiration: November 27, 1989
"C. Ordering respondents to have petitioner meet with the next available Board of Parole
"D. Granting such other and further relief as this Court deems just and proper.”
Respondent Michael LaPaglia, Ulster County Sheriff, has interposed an answer which denies the allegations of the petition, but which is not otherwise supported by evidentiary proof or affidavits. The respondent Thomas A. Coughlin III, Commissioner of the Department of Correctional Services, has also answered and he interposes the following objections in point of law to the petition:
"a. The petition is premature for failure to exhaust petitioner’s administrative remedies
"b. The petition fails to state a cause of action against respondent Coughlin
"c. The petitioner has failed to obtain jurisdiction over the proper parties.”
Pursuant to section 600-a of the Correction Law it was the duty of the Ulster County Sheriff to certify the amount of jail time credit to which petitioner was entitled upon petitioner’s commitment to the custody of the Department of Correctional Services (Middleton v State of New York, 54 AD2d 450). (Petitioner is an inmate at Ogdensburg Correctional Facility in Ogdensburg, New York.) The petition claims that respondent LaPaglia has acted arbitrarily and capriciously and "has failed to perform a duty enjoined upon him by law by not certifying petitioner’s jail time certificate for the period he is entitled.” The gist of petitioner’s claim is that petitioner has received jail time credit on a sentence imposed in Ulster County on August 25, 1987 of 1 to 3 years, for violating probation, for time spent in the Ulster County Jail from August 12, 1987 until October 27, 1987, but not for the period when he was in the Sullivan County Jail (Apr. 12, 1987-Aug. 12, 1987), or the Orange County Jail (Jan. 4, 1984-Feb. 27, 1984; and Apr. 9, 1984-June 12, 1984) or the Ulster County Jail in 1985 (July 30, 1985-Sept. 12,1985).
On this proceeding the respondent Coughlin maintains that *758 time spent in custody that is credited towards a previously imposed sentence may not be credited towards a subsequently imposed sentence as "jail time” according to Penal Law § 70.30 (3).
Petitioner was convicted of attempted criminal possession of a weapon on April 9, 1984 and was sentenced to a term of imprisonment for 6 months and 5 years’ probation. Approximately 4 months of this sentence was served in the Orange County Jail in 1984 during the times recited above. The time spent in the Ulster County Jail in 1985 was for violation of probation due to an assault charge. The time spent in the Sullivan County Jail, as above, was in connection with a violation of probation for criminally possessing a weapon and the Ulster County Jail time for which petitioner has received credit (Aug. 12, 1987-Oct. 27, 1987) was in connection with the same charge — violation of probation — criminally possessing a weapon.
On August 25, 1987 petitioner pleaded guilty to violating probation and was sentenced to 1 to 3 years and this plea covered the 1985 violation of probation due to an assault charge. On September 10, 1987 petitioner pleaded guilty to criminal possession of a weapon and received a sentence of one year to run concurrent to the August 25, 1987 sentence for violation of probation.
Petitioner is entitled to jail time credit as requested in the petition. The time served in Orange County in 1984 on the charge of criminal possession of a weapon was also served on the five years’ probation imposed by the 1984 sentence (Penal Law § 60.01 [2]; see also, People v Piwowar, 101 AD2d 686). Sentences of probation are tentative and may be revoked at any time prior to expiration or termination of the period of probation and the defendant may then be resentenced to a term of imprisonment or a term of imprisonment and probation (Penal Law § 60.01 [4]).
A sentencing on a revocation of probation is not the same as a subsequently imposed sentence. A subsequently imposed sentence is for another offense. When petitioner’s probation was revoked and he was re sentenced in August 1987 (covering also a 1985 violation of probation) the original sentence imposed in 1984 was made to run concurrently by operation of law (Penal Law § 60.01 [2]) with the new resentence. The subsequent sentence imposed on September 10, 1987 also runs concurrently on its own terms with the prior sentences.
*759 The petition is granted to the extent that the respondents are each directed to credit petitioner for jail time for:
Orange County Jail — January 4, 1984-February 27, 1984
Orange County Jail — April 9, 1984-June 12,1984
Ulster County Jail — July 30, 1985-September 12, 1985
Sullivan County Jail — April 12, 1987-August 12, 1987
Ulster County Jail — August 12, 1987-October 27, 1987.
These credits are to be entered in petitioner’s records by the respondent Sheriff and then forwarded forthwith to the Department of Correctional Services. Respondent Coughlin shall immediately credit petitioner with these credits upon receipt of a copy of the judgment to be entered hereon.
All objections in point of law fail. The Sheriffs of Orange and Sullivan Counties are not necessary or indispensable parties, petitioner has stated a cause of action, and no administrative remedy need be exhausted.