■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELTON PARKS, Appellant.—Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered March 1, 1990, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second violent felony offender, to a term of imprisonment of 2 to 4 years, unanimously modified, on the law, to vacate the adjudication as a second violent felony offender and, instead, to adjudicate defendant as a second felony offender, and to vacate the sentence imposed and remand the matter for resentencing in view of defendant's reduced predicate status, and except as so modified, affirmed.

As defendant was convicted of a non-violent felony herein, the determination that he was a second violent felony offender was improper and his arrest predicate status was that of a second felony offender. While the maximum sentence for each category is the same under the crime for which defendant was convicted (Penal Law § 70.04 [3] [d]; [4]; § 70.06 [3] [e]; [4] [b]), the matter must nevertheless be remanded for resentencing "since it is uncertain whether the court's error concerning defendant's predicate status influenced its determination of the sentence imposed." *(People v Smith,* 129 AD2d 517, 518.)

We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.