■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LONNIE McLEOD, Appellant, v NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [597 NYS2d 789] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered November 27, 1992 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, after a hearing.

Petitioner was convicted of armed robbery in North Carolina in 1972; in 1975, while serving his 15-year sentence there, he escaped and fled to New York where, within eight days, he committed a murder for which he was convicted and ultimately sentenced to a prison term of 20 years to life. After sentencing, he was remanded to the custody of the Department of Correctional Services (hereinafter DOCS) to begin serving his sentence. Although his New York sentence was to be concurrent with his North Carolina sentence, and despite the fact that North Carolina had issued a warrant for his extradition, petitioner was not returned to North Carolina. In February 1977 the escape charges in North Carolina were dropped, but in February 1993 North Carolina again filed a

detainer indicating its intention to seek petitioner's extradition for the purpose of serving out his original sentence.

Petitioner's parole eligibility date, originally calculated to be October 30, 1992, was recalculated twice by DOCS. The first recalculation resulted in an eligibility date of June 26, 1992. After a Parole Board hearing was held, petitioner was granted parole and his release was scheduled for that date. On June 22, 1992, however, four days prior to his scheduled release, DOCS again recalculated the time owed on petitioner's minimum sentence, purportedly correcting several mistakes made in the prior recalculation. As a result of this recalculation petitioner was advised that his parole eligibility date is August 5, 1995. Petitioner then commenced a habeas corpus proceeding, charging that respondents' recalculation violated Penal Law § 70.30 (2-a) in that it failed to treat his North Carolina sentence in the same manner as a New York sentence for purposes of calculating his parole eligibility date. Supreme Court dismissed the petition and petitioner appeals.

Alluding to this Court's holding in *Matter of Witteck v Superintendent of Wallkill Correctional Facility* (65 AD2d 249, 251, *affd* 48 NY2d 858), to the effect that Penal Law § 70.30 (2-a) does not apply at all unless the defendant has been returned to the actual custody of the other jurisdiction in which he or she is subject to an undischarged term of imprisonment, respondents argue that petitioner is not entitled to the credit which that section would provide. We agree and note that because Penal Law § 70.30 (1) (a), which allows credit toward the minimum of an indeterminate sentence for time served on a concurrent indeterminate sentence,* does not apply to sentences imposed by other jurisdictions except as noted in Penal Law § 70.30 (2-a), petitioner is not entitled to credit against his minimum sentence for the time he served in North Carolina prior to his escape.

Petitioner's contention that he had a right to be returned to North Carolina is unpersuasive. A prisoner has no right to demand that he be incarcerated in a particular facility or that his sentences be served in a particular order *(see, Strand v Schmittroth,* 251 F2d 590, 609-611; *Chapman v Scott,* 10 F2d 690, 691, *cert denied* 270 US 657). Once petitioner was committed to DOCS' custody, DOCS had a duty to retain jurisdiction

---

* Penal Law § 70.30 (1) provides that "[w]here a person is under more than one indeterminate sentence, the sentences shall be calculated as follows: (a) If the sentences run concurrently, the time served under imprisonment on any of the sentences shall be credited against the minimum periods of all the concurrent sentences".

over him until the completion of his New York sentence *(see, Middleton v State of New York,* 54 AD2d 450, 452, *affd* 43 NY2d 678). Had petitioner believed that his incarceration in New York was inconsistent with the intent of the sentencing court, he should have made application to that court to modify its commitment order and direct that he be delivered to the custody of the appropriate North Carolina officials *(see, People v Brown,* 63 AD2d 988).

Even if we were to consider petitioner's equal protection argument, raised for the first time in his reply brief on appeal, we would be constrained to eschew it for a review of the record in *Matter of Witteck v Superintendent of Wallkill Correctional Facility (supra)* reveals that essentially the same argument was made there and was rejected. Lastly, the conclusion we reach makes it unnecessary to consider whether petitioner's North Carolina sentence was in fact a "determinate" sentence or an "indeterminate" one.

Weiss, P. J., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.