■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BIENVENIDO MERCADO, Appellant. [606 NYS2d 223] —Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered December 13, 1991, convicting defendant, following a nonjury trial, of robbery in the first degree, kidnapping in the second degree and criminal possession of a weapon in the fourth degree and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, 6 to 12 years and 1 year, respectively, unanimously modified, on the law and the facts, to the extent of remanding the matter for resentencing and otherwise affirmed.

Intoxication is not a defense but merely a matter to be considered by the fact finder in determining whether it negates an element of the crime charged (Penal Law § 15.25). A

person who is intoxicated may possess the requisite intent to commit a crime and it is for the finder of the facts to decide if the extent of the intoxication was such as to negate the element of intent *(People v O'Keefe,* 191 AD2d 464, *lv denied* 81 NY2d 1077).* Since the evidence, viewed in the light most favorable to the People, adequately established beyond a reasonable doubt that defendant acted with the requisite intent, the trial court was warranted in rejecting defendant's claim that he lacked the necessary intent *(see, supra).*

It is undisputed that at the time of defendant's sentence, the court, as well as both attorneys, mistakenly believed the permissible minimum to be 6 to 12 years for a second felony offender convicted of robbery in the first degree and kidnapping in the second degree. Accordingly, the matter should be remanded for the sentencing court to consider whether it still deems 6 to 12 years to be an appropriate sentence under the circumstances herein. Concur—Ellerin, J. P., Asch, Rubin and Nardelli, JJ.