■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SCOTT FREDERICKS, Respondent, v LOUIS F. MANN, as Superintendent of Shawangunk Correctional Facility, Appellant. [631 NYS2d 199] —Mercure, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 31, 1994 in Ulster County, which granted petitioner's application, in a proceeding pursuant to CPLR article 70, and discharged petitioner.

On June 10, 1994, petitioner was sentenced by Supreme Court, New York County, to an indeterminate prison term of $1^1/2$ to $4^1/2$ years for the crime of forgery in the second degree which occurred between January 14, 1993 and February 3, 1993. Petitioner's State sentence was to run concurrently with a 33-month sentence imposed on May 27, 1994 by the United States District Court for the Eastern District of New York for a felony which occurred on June 16, 1992. Petitioner's Federal sentence was made concurrent with petitioner's State sentence. Petitioner was credited with jail time from February 3, 1993 on both sentences and was credited with an additional seven days on his Federal sentence for earlier time spent in Federal custody.

Believing that entitlement to various credits of time against his Federal sentence had resulted in full satisfaction of the Federal sentence, petitioner sought a writ of habeas corpus contending that the same credits had discharged the maximum portion of his State sentence. Supreme Court, finding petitioner's sentence outlandish considering his transgression and the state of his health, concluded that petitioner was being wrongfully held in contradiction of the intent of the sentencing court and released petitioner. Respondent appeals. We reverse.

Initially we observe that, although the petition is verified, the record is devoid of evidence supporting the bold allegations

made in letters by petitioner supporting his petition (*see, People ex rel. Evans v Fogg*, 77 AD2d 750, *lv denied* 51 NY2d 706), many of which were relied upon by Supreme Court in its decision. Those allegations fail to raise factual contentions in the first instance (*see, People ex rel. Robertson v New York State Div. of Parole*, 67 NY2d 197). If the allegations within the petition concerning the alleged time credits had been relevant to the relief sought by petitioner, resolution of the issues would have required a hearing pursuant to CPLR 7009 as they were fully contested by respondent (*supra*, at 201-203).

After his New York sentencing, petitioner was remanded to the custody of the Department of Correctional Services to begin his State sentence. Petitioner is not entitled to have time served under his Federal sentence applied to his State sentence as he was never returned to the actual custody of the Federal jurisdiction (*see*, Penal Law § 70.30 [2-a]; *People ex rel. McLeod v New York State Div. of Parole*, 193 AD2d 942, *lv denied* 82 NY2d 655; *Matter of Witteck v Superintendent*, 65 AD2d 249, *affd* 48 NY2d 858). Petitioner's remaining arguments have been considered and found lacking in merit. Accordingly, the petition should be dismissed.

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.