■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA GIBSON, Appellant. [717 NYS2d 738] —Lahtinen, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered December 3, 1999, convicting defendant upon his plea of guilty of the crime of criminal mischief in the third degree.

Defendant was charged with criminal mischief in the second degree after he damaged property belonging to the State correctional facility where he was incarcerated. He pleaded guilty to the reduced charge of criminal mischief in the third degree in exchange for a 1½ to 3-year prison sentence, to run consecutively to the sentence he was then serving. In addition, it was agreed that defendant would pay restitution in the amount of $1,200 with a credit for any payments made pursuant to the tier III disciplinary determination rendered in connection with the incident. At the sentencing hearing, County Court imposed the agreed-upon restitution and prison term acknowledging that defendant was to get "credit for Tier III assessments withheld," but neither the sentencing and commitment order nor the order and notice at sentencing specified that defendant was to be given credit for such payments. Defendant appeals, seeking only to modify the sentencing and commitment order and the order and notice at sentencing to reflect his entitlement to a credit for any restitution payments made pursuant to the disciplinary determination.

Defendant's claim that the restitution provisions set forth in the orders are inconsistent with the intent of County Court expressed at sentencing raises no appealable issue regarding his judgment of conviction. Whether County Court's orders require modification is a matter that should be submitted to that court by proper motion for resolution (*see generally, People ex rel. McLeod v New York State Div. of Parole*, 193 AD2d 942, 944, *lv denied* 82 NY2d 655; *People ex rel. Townsand v Superintendent, Downstate Correctional Facility*, 115 AD2d 678, 679).

Cardona, P. J., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.