■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON GRAY, Appellant. [783 NYS2d 428]—

Mercure, J. Appeal from a judgment of the County Court of

Albany County (Herrick, J.), rendered September 6, 2002, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

In July 2002, defendant pleaded guilty to a superior court information charging him with robbery in the second degree and agreed to a sentence of between 8 and 10 years' imprisonment. County Court ultimately sentenced defendant to a term of 9¹/₂ years' imprisonment. Throughout the proceedings, County Court and defense counsel both noted that defendant was not a predicate felony offender, contrary to a statement in the presentence report. Nonetheless, both the sentence and commitment form and the certificate of conviction state that defendant is a second felony offender. Defendant appeals.

We agree with defendant that this matter should be remitted to County Court for resentencing. Where a discrepancy exists between the sentence and commitment form and the sentencing minutes, remittal is generally required to allow the trial court to resentence the defendant and to correct the discrepancy (*see People v Jenkins*, 300 AD2d 751, 753-754 [2002], *lv denied* 99 NY2d 615 [2003]; *cf. People v Davis*, 256 AD2d 28 [1998], *lvs denied* 93 NY2d 872, 877 [1999]). Here, both the sentence and commitment form and the certificate of conviction categorize defendant as a second felony offender, which the People concede is inaccurate. Accordingly, we remit this matter to County Court for resentencing.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Albany County for resentencing; and, as so modified, affirmed.