■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON GRAY, Appellant. [820 NYS2d 858]—Appeal from a judg-

ment of the County Court of Albany County (Herrick, J.), rendered February 9, 2005, which resentenced defendant following his conviction of the crime of robbery in the second degree.

Defendant pleaded guilty to robbery in the second degree and was sentenced to 9½ years in prison (11 AD3d 821 [2004]). Based upon incorrect information that defendant was a second felony offender, County Court included a five-year period of postrelease supervision as part of the sentence. Defendant appealed and, after the People conceded the error, this Court remitted the matter to County Court for resentencing (*id.* at 822). Thereafter, County Court resentenced defendant to the same determinate sentence, but imposed a three-year period of postrelease supervision. Defendant appeals, challenging only the severity of his sentence.

Initially, we note that defendant's waiver of his right to appeal does not preclude him from challenging the sentence imposed upon resentencing (*see People v Rowland*, 11 AD3d 825, 825 [2004]). Turning to the merits, given the violent nature of the crime and defendant's lengthy criminal history, we do not find extraordinary circumstances or an abuse of discretion warranting a reduction of the sentence in the interest of justice (*see People v Douglas*, 26 AD3d 522, 524 [2006]; *People v McCarthy*, 23 AD3d 919, 919-920 [2005]). Therefore, we decline to disturb it.

Cardona, P.J., Mercure, Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.