■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BRAITHWAITE, Appellant. [880 NYS2d 669]—

Motion by the appellant for leave to reargue an appeal from an order of the Supreme Court, Kings County, dated November 9, 2005, which was determined by decision and order of this Court dated December 23, 2008.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated December 23, 2008, is recalled and vacated (*see People v Braithwaite,* 57 AD3d 913

[2008]), and the following decision and order is substituted therefor:

Appeal by the defendant from an order of the Supreme Court, Kings County (Demarest, J.), dated November 9, 2005, which denied his motion for resentencing pursuant to the Drug Law Reform Act of 2004 (L 2004, ch 738) on his conviction of criminal possession of a controlled substance in the first degree, criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree (two counts), which sentence was originally imposed, upon a jury verdict, on October 3, 1985. Presiding Justice Prudenti has been substituted for former Associate Justice McCarthy (*see* 22 NYCRR 670.1 [c]).

Ordered that the order is reversed, on the law, and the matter is remitted to the Supreme Court, Kings County, for a new determination of the defendant's motion for resentencing in accordance herewith.

In 1985 the defendant was charged with criminal possession of a controlled substance in the first degree (hereinafter the 1985 possession count) and other offenses. Upon his conviction, the defendant was sentenced to an indeterminate term of imprisonment of 17 years to life on the 1985 possession count. On the same day, the defendant was sentenced for offenses charged in two 1983 indictments. With respect to those convictions, the defendant was sentenced, as a persistent felony offender, to indeterminate prison terms of 15 years to life and 17 years to life.

In 2005 the defendant moved for resentencing on the 1985 possession count pursuant to the Drug Law Reform Act of 2004. In denying the defendant's motion, the Supreme Court noted that, since the defendant was serving sentences of imprisonment with maximum terms of life in connection with the 1983 indictments, resentencing the defendant to a determinate prison term of 15 years on the 1985 possession count would have "no practical effect" upon the aggregate sentence the defendant would ultimately serve. It was subsequently determined, however, that the defendant had been improperly adjudicated a persistent felony offender, and he was resentenced in connection with the 1983 indictments to indeterminate prison terms of 10 to 20 years and 7½ to 15 years.

Since the factors relied upon by the Supreme Court in denying the defendant's motion for resentencing included a " ' "materially untrue" assumption[ ] or "misinformation" ' " (*People v Naranjo,* 89 NY2d 1047, 1049 [1997], quoting United States v Pugliese, 805 F2d 1117, 1123 [1986], quoting *Townsend v Burke,*

334 US 736, 741 [1948]), the matter must be remitted for a new determination of the defendant's resentencing motion (*see United States v Tucker,* 404 US 443 [1972]; *People v Mercado,* 200 AD2d 424 [1994]; *People v Parks,* 186 AD2d 416 [1992]; *United States v Stein,* 544 F2d 96 [1976]). The motion should be granted unless "substantial justice dictates that [it] should be denied" (L 2004, ch 738, § 23; *see People v Beasley,* 47 AD3d 639 [2008]; *People v Arana,* 32 AD3d 305 [2006]). Prudenti, P.J., Skelos, Santucci and Dickerson, JJ., concur.