■ In the Matter of ROBERT REED, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [912 NYS2d 468]—

Appeal from a judgment of the Supreme Court (McDonough, J.), entered April 23, 2010 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

In 1993, petitioner was convicted of two counts of rape in the first degree and sentenced to consecutive prison terms of 8¹/₃ to 25 years. On appeal, petitioner's conviction was affirmed, but his sentence was modified, in the interest of justice, with the prison terms ordered to be served concurrently (*People v Reed*, 212 AD2d 962 [4th Dept 1995], *lv denied* 86 NY2d 739 [1995]). Thereafter, in 1995, petitioner was convicted of two counts of promoting prison contraband in the first degree and was sentenced, as a predicate felony offender, to 2¹/₂ to 5 years in prison on each count, with the terms to be served concurrently to each other, but consecutively to his sentences for the rape convictions. Petitioner commenced this CPLR article 78 proceeding to challenge the computation of his sentence and, following respondent's motion to dismiss, Supreme Court dismissed the petition. Petitioner now appeals.

We affirm. The crux of petitioner's argument in this proceeding is that the Niagara County Court commitment upon which

his 1993 sentence is premised is invalid. However, since Niagara County Court was not named as a party to this proceeding, and the Department of Correctional Services is " *'conclusively bound by the contents of commitment papers accompanying a prisoner,'* " Supreme Court correctly dismissed this proceeding for failure to name a necessary party (*Matter of Murray v Goord*, 1 NY3d 29, 32 [2003], quoting *Middleton v State of New York*, 54 AD2d 450, 452 [1976], *affd* 43 NY2d 678 [1977]; *see Matter of Hill v Commissioner of Correctional Servs.*, 71 AD3d 1210 [2010]).

Mercure, J.P., Peters, Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.