■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARION SAMUELS, Appellant. [915 NYS2d 758]—

Rose, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered January 6, 2010, which denied defendant's motion for resentencing pursuant to CPL 440.46.

In 2000, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and waived his right to appeal, upon the understanding that he would be permitted to replead to a lesser charge if he cooperated with law enforcement officials. He did not cooperate, and County Court sentenced him, as a second felony offender, to an indeterminate term of imprisonment. Defendant subsequently applied for resentencing

---

pursuant to CPL 440.46, "which extended the availability of reduced sentencing under the Drug Law Reform Act of 2004 to individuals convicted of class B drug felonies" (*People v Colon,* 77 AD3d 849, 850 [2010] [citation omitted]). County Court denied defendant's application, and he appeals.

We reverse. While County Court was entitled to deny defendant's application if "substantial justice dictate[d]" such a result (L 2004, ch 738, § 23; *see* CPL 440.46 [3]), it could not base that denial upon misinformation or materially untrue assumptions (*see People v Naranjo,* 89 NY2d 1047, 1049 [1997]; *People v Braithwaite,* 62 AD3d 1019, 1020-1021 [2009]). A court is directed to consider a defendant's prison disciplinary history in weighing his or her application for resentencing and, in this case, defendant had incurred six disciplinary citations during his current term of incarceration (*see* CPL 440.46 [3]). In its decision, however, County Court overstated the severity of several of them. While the People suggest that this overstatement was a typographical error that did not affect County Court's decision, we are not at liberty to make that assumption. County Court's express mention of "three Tier III hearings" in its decision "indicates that [it] probably considered them to be material" (*United States v Stein,* 544 F2d 96, 102 [2d Cir 1976]; *see Townsend v Burke,* 334 US 736, 740 [1948]; *People v Barnes,* 60 AD3d 861, 863-864 [2009]; *People v Metellus,* 46 AD3d 578, 579 [2007], *lv denied* 10 NY3d 814 [2008]). As "material false assumptions as to any facts relevant to sentencing . . . renders the entire sentencing procedure invalid as a violation of due process," we must remit this matter for County Court to redetermine defendant's motion (*United States v Malcolm,* 432 F2d 809, 816 [2d Cir 1970]; *see People v Braithwaite,* 62 AD3d at 1020-1021).

As a final matter, County Court stated—and the sentence and commitment order reflects—that defendant received a prison sentence of 12½ to 25 years (*see* Penal Law former § 70.00; § 70.06 [3], [4]; *see also* L 2004, ch 738, § 28). In contrast, the sentencing transcript indicates that a sentence of 12½ to 20 years was imposed, and defendant now claims that such was the actual sentence. County Court accordingly must resolve that discrepancy upon remittal (*see People v Gray,* 11 AD3d 821, 822 [2004]; *People v Mohammed,* 151 AD2d 1018, 1018-1019 [1989], *lv denied* 74 NY2d 815 [1989]).

Peters, J.P., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.