In the Matter of GREGORY MINGO, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [937 NYS2d 899]—

We affirm on the merits. Petitioner concedes that the trial court ordered his sentences on counts one and two to run consecutively. Nevertheless, he argues that because the court al-

legedly did not specify how the sentences on counts three and four were to run in relation to counts one and two, all sentences should run concurrently pursuant to Penal Law § 70.25 (1) (a). We disagree. Even assuming, arguendo, that the sentencing court did not sufficiently specify whether counts three and four were to run concurrently or consecutively to counts one and two, this would not affect the court's specific direction that counts one and two are to run consecutively to each other (see Penal Law § 70.25 [1] [a]).

To the extent that petitioner further claims that a discrepancy exists between the sentencing minutes and the commitment order, that argument must be raised before the sentencing court (see Matter of Reed v Fischer, 79 AD3d 1517, 1518 [2010]).

Mercure, A.P.J., Peters, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.