# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**815**

**KA 09-00176**

PRESENT: SCUDDER, P.J., CARNI, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WILLIAM ALLEN, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a resentence of the Onondaga County Court (Joseph E. Fahey, J.), rendered November 21, 2008. Defendant was resentenced upon his conviction of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and false personation.

It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.

Memorandum: Defendant was convicted upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and now appeals from the resentence, contending that his waiver of the right to appeal is not valid and thus does not encompass his present challenge to the severity of the sentence. Although defendant validly waived the right to appeal at the plea proceeding (*see generally People v Lopez*, 6 NY3d 248, 256), that waiver does not preclude him from challenging the sentence imposed upon resentencing (*see People v Gray*, 32 AD3d 1052, 1053, *lv denied* 7 NY3d 902; *People v Tausinger*, 21 AD3d 1181, 1183; *see generally People v Dexter*, 71 AD3d 1504, 1504-1505, *lv denied* 14 NY3d 887; *People v Rodriguez*, 259 AD2d 1040). Nevertheless, on the merits, we conclude that the sentence is not unduly harsh or severe.

Entered: July 6, 2012                          Frances E. Cafarell
                                               Clerk of the Court