◼ In the Matter of ROBERT MCCULLAUGH, Appellant, v RICH-ARD DESIMONE, as Associate Counsel for the Department of Corrections and Community Supervision, Respondent. [974 NYS2d 306]—

Appeal from a judgment of the Supreme Court (Teresi, J.), entered in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision calculating the length of petitioner's prison sentence.

In October 1998, petitioner was sentenced upon his conviction of the crimes of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree. Petitioner's judgment of conviction was affirmed on direct appeal (*People v McCullough*, 283 AD2d 988 [2001], *lv denied* 96 NY2d 941 [2001]). In calculating the length of petitioner's sentence, the Department of Corrections and Community Supervision utilized consecutive prison terms of 7½ to 15 years for each of the convictions of criminal possession of a weapon in the second degree and a concurrent prison term of 3½ to 7 years for the conviction of criminal possession of a weapon in the third degree, as set forth in the sentence and commitment order. Petitioner thereafter commenced this proceeding, arguing that the consecutive sentences set forth in the sentence and commitment order are inconsistent with the sentence pronounced by the sentencing court. Supreme Court dismissed petitioner's application, and this appeal ensued.

The Department of Corrections and Community Supervision is "conclusively bound" by the terms of the sentence and commitment order and, in this case, there is no dispute that its calculation of petitioner's sentence is consistent therewith (*Middleton v State of New York*, 54 AD2d 450, 452 [1976], *affd* 43 NY2d 678 [1977]; *see Matter of He'ron v Department of Corr. Servs.*, 100 AD3d 1166, 1167 [2012], *lv denied* 20 NY3d 858 [2013]; *see also Matter of Reed v Fischer*, 79 AD3d 1517, 1518 [2010]). Petitioner's claim that the sentence and commitment order is not consistent with the sentencing court's intention

must be pursued through appropriate proceedings before that court (*see Matter of Mingo v Fischer*, 92 AD3d 1051, 1052 [2012], *lv denied* 19 NY3d 801 [2012]; *People v Gibson*, 278 AD2d 669, 670 [2000]; *see generally People ex rel. McLeod v New York State Div. of Parole*, 193 AD2d 942, 944 [1993], *lv denied* 82 NY2d 655 [1993]). Accordingly, we affirm.

Peters, P.J., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.