*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 8, 2015                    519859
_____

In the Matter of ERWIN
    JACKSON,
                    Appellant,

        v                              MEMORANDUM AND ORDER

BRIAN FISCHER, as Commissioner
    of Corrections and
    Community Supervision,
    et al.,
                    Respondents.
_____


Calendar Date:   September 18, 2015

Before:  Garry, J.P., Rose, Lynch and Devine, JJ.

                    _____


        Erwin Jackson, Elmira, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Zainab A.
Chaudhry of counsel), for respondents.

                    _____


Lynch, J.

        Appeal from a judgment of the Supreme Court (Platkin, J.),
entered July 17, 2014 in Albany County, which, in a proceeding
pursuant to CPLR article 78, among other things, granted
respondents' motion to dismiss the petition.

        In 2008, petitioner was convicted of nine counts of robbery
in the first degree and one count of conspiracy in the first
degree and sentenced as a first-time felony offender to an
aggregate prison term of 30 years.  On appeal, petitioner's
convictions were affirmed, but it was determined, on the People's
cross appeal, that the People had proven that petitioner had two

predicate violent felony offender convictions, and the matter was remitted for resentencing (People v Jackson, 65 AD3d 1164 [2009], lv denied 13 NY3d 939 [2010]). Petitioner was thereafter resentenced as a persistent violent felony offender to various indeterminate terms of imprisonment (People v Jackson, 92 AD3d 958 [2012], lv denied 19 NY3d 962 [2012]). Petitioner was returned to the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) on November 18, 2009 and the sentencing minutes and an updated 2009 uniform sentence and commitment order were subsequently sent to DOCCS, which recalculated his sentence. Petitioner thereafter commenced this CPLR article 78 proceeding seeking to prohibit DOCCS from enforcing the 2009 commitment order. Supreme Court, among other things, granted respondents' motion to dismiss the petition, finding that petitioner failed to state a claim cognizable in a CPLR article 78 proceeding and that prohibition does not lie. Petitioner appeals.

Under settled law, "[a CPLR] article 78 proceeding in the nature of prohibition will not lie to correct procedural or substantive errors of law" (Matter of Soares v Herrick, 20 NY3d 139, 145 [2012] [internal quotation marks and citation omitted]). Rather, the extraordinary remedy of prohibition "lies only where there is a clear legal right to such relief, and only when [the body or officer involved] acts or threatens to act without jurisdiction in a matter . . . over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it has jurisdiction" (Matter of HCI Distrib., Inc. v New York State Police, Troop B Commander, 110 AD3d 1297, 1298 [2013] [internal quotation marks and citations omitted]). Even when available, prohibition is a discretionary remedy (see Matter of Soares v Herrick, 20 NY3d at 145).

Petitioner contends that the 2009 commitment order is incorrect and inconsistent with the sentence pronounced in court upon his resentencing. However, even if petitioner is correct, a point on which we express no opinion, this claim "must be pursued through appropriate proceedings before th[e sentencing] court" (Matter of McCullaugh v DeSimone, 111 AD3d 1011, 1012 [2013]; see Matter of Mingo v Fischer, 92 AD3d 1051, 1052 [2012], lv denied 19 NY3d 801 [2012]; People v Samuels, 80 AD3d 1077, 1078 [2011];

People v Gray, 11 AD3d 821, 822 [2004]; People v Jenkins, 300 AD2d 751, 753-754 [2002], lv denied 99 NY2d 615 [2003]).  Unless and until such a correction is made to the commitment order, DOCCS is "conclusively bound by the contents of commitment papers" (Matter of Reed v Fischer, 79 AD3d 1517, 1518 [2010] [internal quotation marks, citations and emphasis omitted]; accord Matter of Murray v Goord, 1 NY3d 29, 32 [2003]; see Matter of McCullaugh v DeSimone, 111 AD3d at 1011).

We are similarly unpersuaded by petitioner's claim that DOCCS was not authorized to rely on or enforce the 2009 commitment order because he was returned to DOCCS' custody after resentencing without the delivery of that order to DOCCS, as contemplated by CPL 380.65.  Pursuant to CPL 380.65, however, "[a] sentence and commitment . . . is not defective by reason of a failure to comply with the provisions of this section." Further, under these circumstances, when petitioner was returned to DOCCS' custody without the new commitment order, DOCCS remained "conclusively bound" by the 2008 commitment order (Matter of Reed v Fischer, 79 AD3d at 1518 [internal quotation marks, citations and emphasis omitted]) and, upon subsequent receipt of the 2009 commitment order, DOCCS acted within its authority in recalculating his sentence.  Petitioner's remaining claims also lack merit and, thus, Supreme Court correctly granted respondents' motion to dismiss the petition.

Garry, J.P., Rose and Devine, JJ., concur.

ORDERED that the judgment is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court