Matter of Olutosin v Annucci (2019 NY Slip Op 05829)





Matter of Olutosin v Annucci


2019 NY Slip Op 05829


Decided on July 25, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 25, 2019

527753

[*1]In the Matter of AJAMU OLUTOSIN, Appellant,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: May 30, 2019

Before: Clark, J.P., Mulvey, Devine, Aarons and Rumsey, JJ.


Ajamu Olutosin, Wallkill, appellant pro se.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.



MEMORANDUM AND ORDER
Clark, J.P.
Appeal from a judgment of the Supreme Court (Hartman, J.), entered October 10, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision calculating petitioner's parole eligibility date.
In 1987, petitioner was convicted of two counts of murder in the second degree (intentional murder and felony murder), one count of attempted murder in the second degree and two counts of robbery in the first degree. He was thereafter sentenced to concurrent prison terms of 25 years to life on each of the murder convictions. He was also sentenced to prison terms of 8&frac13; to 25 years on the attempted murder conviction and 12½ to 25 years on each of the robbery convictions, with the sentences for the attempted murder conviction and each robbery conviction to run consecutively to each other and to the sentences for the murder convictions.
In 2003, the Second Department vacated the sentences and remitted the matter for resentencing, finding that the sentences for the two robbery convictions must run concurrently with the sentence for the felony murder conviction, but that the sentences for the attempted murder conviction and both robbery convictions may run consecutively to each other and to the sentence for the intentional murder conviction (People v Riley, 309 AD2d 879 [2003], lvs denied 1 NY3d 632, 633 [2004])[FN1]. In 2004, upon remittal, petitioner was resentenced to the same sentence as in 1987, with the exception that the sentences for the robbery convictions were ordered to run concurrently with the sentence for the felony murder conviction. This judgment [*2]was affirmed on appeal (People v Riley, 22 AD3d 609 [2005], lvs denied 6 NY3d 779, 780 [2006]).
Following resentencing, the Department of Corrections and Community Supervision (hereinafter DOCCS) calculated petitioner's parole eligibility date as October 13, 2044. Petitioner thereafter commenced this CPLR article 78 proceeding, arguing that DOCCS violated Penal Law § 70.30 when setting his parole eligibility date and requesting that DOCCS set October 15, 2019 as the appropriate date. Supreme Court dismissed the petition, prompting this appeal.
We affirm. Regarding the calculation of a parole eligibility date, "[a] person who is serving one or more than one indeterminate sentence of imprisonment may be paroled . . . at any time after the expiration of the minimum or aggregate minimum period of sentence or sentences" (Penal Law § 70.40 [1] [a] [i]). Inasmuch as petitioner "is serving two or more indeterminate sentences which run consecutively, the minimum periods of imprisonment are added to arrive at an aggregate minimum period of imprisonment equal to the sum of all the minimum periods" (Penal Law § 70.30 [1] [b]). Based upon the commitment papers accompanying petitioner following the 2004 sentence, we find, contrary to petitioner's contention, that DOCCS made no errors in calculating petitioner's aggregate minimum period of imprisonment at 58&frac13; years (see Penal Law § 70.30 [1] [b])[FN2]. To the extent that petitioner argues that the commitment papers do not accurately reflect the sentence imposed, it is well settled that DOCCS is "conclusively bound by the contents of commitment papers accompanying a prisoner and that they cannot add to or detract therefrom" (Middleton v State of New York, 54 AD2d 450, 452 [1976], affd 43 NY2d 678 [1977]; see Matter of Murray v Goord, 1 NY3d 29, 32 [2003]). Accordingly, in order to effectuate a change in the commitment papers, petitioner must pursue an appropriate proceeding before the sentencing court (see Matter of Jackson v Fischer, 132 AD3d 1038, 1039 [2015]; Matter of McCullaugh v DeSimone, 111 AD3d 1011, 1011-1012 [2013]). Petitioner's argument regarding the application of jail time credit is unpreserved for our review in light of his failure to raise this issue in his petition (see Matter of Rosa v Fischer, 87 AD3d 1252, 1253 [2011], lv denied 19 NY3d 802 [2012]; Matter of Mingo v Annucci, 49 AD3d 1106, 1107 [2008], lv denied 11 NY3d 707 [2008]). Petitioner's remaining arguments, to the extent not specifically addressed, have been considered and found to be without merit.
Mulvey, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Petitioner is also known as William Riley.

Footnote 2: DOCCS applied this aggregate minimum period to the February 1987 date that petitioner was initially received into its custody and, after subtracting petitioner's jail time credit, set the October 2044 parole eligibility date.