People v Kennedy (2026 NY Slip Op 00286)

People v Kennedy

2026 NY Slip Op 00286

Decided on January 22, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 22, 2026

CR-22-2227 CR-25-0582
[*1]The People of the State of New York, Respondent,
vMichael J. Kennedy, Appellant.

Calendar Date:November 17, 2025

Before:Garry, P.J., Aarons, McShan and Mackey, JJ.

Marlene O. Tuczinski, Chatham, for appellant, and appellant pro se.
Brett R. Eby, District Attorney, Ballston Spa (Jesse L. Ashdown of counsel), for respondent.

McShan, J.
Appeals (1) from a judgment of the County Court of Saratoga County (Robert Smith, J.), rendered August 15, 2022, convicting defendant upon his plea of guilty of the crime of attempted assault in the first degree, and (2) from a judgment of said court (Tatiana Coffinger, J.), rendered September 3, 2024, which resentenced defendant.
In April 2022, in satisfaction of a 14-count indictment, defendant pleaded guilty to attempted assault in the first degree with the understanding that he would be sentenced, as second felony offender, to nine years in prison, to be followed by five years of postrelease supervision. The plea agreement also required him to waive his right to appeal. On August 15, 2022, County Court (Smith, J.) imposed the agreed-upon sentence on defendant as a second felony offender. In May 2024, defendant moved to vacate his sentence pursuant to CPL 440.20 upon the ground that the predicate felonies from the State of Delaware relied on by the People in classifying him as a second felony offender did not meet the time and/or element requirements for predicate felonies under Penal Law § 70.06 (1) (a), (b) (i), (iv). County Court (Coffinger, J.) agreed with defendant and resentenced him, as a first violent felony offender, to eight years in prison, to be followed by five years of postrelease supervision. Defendant appeals from both the August 15, 2022 and the September 3, 2024 judgments.
Defendant contends that, pursuant to CPL 380.30, County Court lost jurisdiction over him because there was an unreasonable delay in correcting his initial sentence. This contention is unpreserved for our review as defendant did not object to any delay in resentencing in County Court or raise it in his CPL 440.20 motion, move to dismiss the indictment or otherwise challenge the court's jurisdiction to sentence him (see People v Vasquez, 168 AD3d 1185, 1186 [3d Dept 2019], lv denied 33 NY3d 954 [2019]; People v Kerrick, 136 AD3d 1099, 1100 [3d Dept 2016]).[FN1] Defendant's challenge to the severity of his resentence is not foreclosed by his appeal waiver, as conditions have changed since defendant entered his plea (see People v Jones, 233 AD3d 1205, 1207 [3d Dept 2024]; People v Gray, 32 AD3d 1052, 1053 [3d Dept 2006], lv denied 7 NY3d 902 [2006]). That said, in light of defendant's criminal history and the violent nature of the crime, we do not find the resentence, which was considerably less than the maximum potential violent felony sentence (see Penal Law § 70.02 [1] [b]; [3] [b]), unduly harsh or severe, and we decline his invitation to invoke our interest of justice jurisdiction to reduce it (see CPL 470.15 [3] [c]; [6] [b]). Notably, "the fact that a codefendant may have received a lesser sentence does not establish that the sentence imposed on [defendant] was unduly harsh or severe" (People v Augustin, 234 AD3d 1188, 1188 [3d Dept 2025]; see People v Sindoni, 158 AD3d 899, 899 [3d Dept 2018], lv denied 31 NY3d 1017 [2018]).[FN2] Defendant's remaining contentions[*2], to the extent not specifically addressed, have been considered and found to be without merit.
Garry, P.J., Aarons and Mackey, JJ., concur.
ORDERED that the judgments are affirmed.

Footnotes

Footnote 1: Contrary to defendant's contention in his pro se supplemental brief, there is no support in the record that defense counsel raised the issue of unreasonable delay to County Court during a conference in chambers held outside of his presence during the resentencing hearing.
Footnote 2: As the foregoing issues survive even a valid appeal waiver, we need not address defendant's further assertion that his waiver of the right to appeal is invalid (see People v West, 215 AD3d 1067, 1071 n 3 [3d Dept 2023]).