■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE CARDWELL, Appellant. [598 NYS2d 319] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered April 30, 1985, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Upon consideration of the factors in People v Taranovich (37 NY2d 442, 445), we find that the defendant was not deprived of his constitutional right to a speedy trial (see, CPL 30.20).

The postindictment delay, together with one month of preindictment delay alleged by the defendant, amounted to 24 months. The record supports the hearing court's determination that the bulk of the delay was not attributable to the People, as it was due in large part to pretrial proceedings on this indictment, as well as to the pretrial proceedings and trial of a previous indictment charging the defendant, *inter alia,* with murder in the second degree *(cf., People v Dean,* 45 NY2d 651; CPL 30.30 [4] [a]). Although the defendant was incarcerated during this entire period, the incarceration was attributable to the murder prosecution and to his conviction and sentencing on the prior indictment, which occurred before the disposition of the indictment at bar *(see, e.g., People v Hernandez,* 190 AD2d 752; *People v Thorpe,* 183 AD2d 795; *People v Rosado,* 166 AD2d 544). Finally, there is no indication in the record that the defense was impaired by reason of the delay *(see, People v Dury,* 179 AD2d 821). Lawrence, J. P., O'Brien, Copertino and Santucci, JJ., concur.