■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL GARCIA, Appellant. [617 NYS2d 307] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J., at speedy trial motion; Charles Tejada, J., at plea and sentence), rendered December 3, 1991, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to a term of 3 years to life imprisonment, unanimously affirmed.

We find no merit to the defendant's contention that he was denied his constitutional right to a speedy trial. The five factors which are to be considered in connection with such a claim are (1) the extent of delay, (2) the reason for the delay, (3) the nature of the underlying charge, (4) whether or not there has been an extended period of pretrial incarceration, and (5) whether or not there is any indication that the defense has been impaired by the delay *(People v Taranovich,* 37 NY2d 442). Although approximately 33 months elapsed from the time of indictment until the defendant's plea of guilty, all but a few months of this period are attributable to defendant. The record indicates that substantial parts of the delay were justified, mostly due to defendant's pretrial applications and motions, including his motion to proceed *pro se (see, United States v Vasquez,* 918 F2d 329, 338). Moreover, defendant has failed to demonstrate that his entrapment defense was prejudiced by the delay. In addition, the Class A-I felony charges required careful preparation for trial and compelled the trial court to proceed most carefully because defendant represented

himself. In this light, defendant's constitutional right to a speedy trial was not violated. Concur—Wallach, J. P., Kupferman, Ross, Asch and Rubin, JJ.