■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR WOODARD, Appellant. [652 NYS2d 64] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 24, 1994, convicting him of possession of burglar's tools, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 2:30 A.M. on October 22, 1992, Police Officer Robert Hardenfelder observed the defendant in the driveway of a house at 1730 East 46th Street, Brooklyn, trying to insert a screwdriver into one of its windows. The defendant dropped the screwdriver and ran when the police announced themselves. The defendant was quickly apprehended, and an industrial-size file was recovered from his jacket. The screwdriver that he dropped in the driveway was also retrieved. Twenty months after his arrest, the defendant pleaded guilty to a single count of possession of burglar's tools, for which he received a sentence of one year, to run concurrently with a term of 25 years to life imprisonment that had been imposed following his conviction of an unrelated crime.

Contrary to the defendant's contention, he was not deprived of his constitutional right to a speedy trial by the 20-month delay between his arrest and guilty plea (*People v Taranovich,* 37 NY2d 442, 445). The record establishes that most of the delay was caused by the defendant's adjournments, applications to proceed *pro se, pro se* motions, and trial upon an unrelated indictment (*see, e.g., People v McKenzie,* 212 AD2d 641; *People v Tinh Phan,* 208 AD2d 659; *People v Garcia,* 208 AD2d 425; *People v Cardwell,* 194 AD2d 550). In addition, all but three months of his incarceration were attributable to the other indictment (*see, e.g., People v Mobley,* 206 AD2d 681; *People v Davis,* 197 AD2d 375). Finally, the defendant has not indicated that he suffered any prejudice as a result of the delay (*see, e.g., People v Watts,* 57 NY2d 299; *People v Clemente,* 150 AD2d 709).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Rosenblatt, J. P., Ritter, Friedmann and Florio, JJ., concur.