[751 NYS2d 262]

In the Matter of RONDOUT ELECTRIC, INC., Appellant, v MONROE WOODBURY CENTRAL SCHOOL DISTRICT, Respondent, and LINDA ANGELLO, Intervenor-Respondent.

Second Department, November 12, 2002

APPEARANCES OF COUNSEL

*Lewis & Greer, P.C.,* Poughkeepsie (*Lou Lewis* and *Veronica A. McMillan* of counsel), for appellant.

*Donoghue, Thomas, Auslander & Drohan,* Hopewell Junction (*Daniel Petigrow* of counsel), for respondent.

**OPINION OF THE COURT**

FEUERSTEIN, J.

On this appeal we are presented with the issue of whether, upon a proper application, the Supreme Court has the authority to allow a contractor to post an undertaking and receive contract funds withheld pursuant to a Department of Labor (hereinafter the DOL) notice under Labor Law § 220-b (2) (b). We hold that it does.

I.

In April 1997, the petitioner was awarded a construction contract by the respondent, Monroe Woodbury Central School District (hereinafter MWCSD), to perform electrical installation for the construction of a high school. On December 14, 2000, the DOL issued Notice of Labor Law Inspection Findings which indicated that the petitioner had underpaid its employees in the amount of $125,689.06 in violation of Labor Law § 220 (3). The DOL subsequently issued a Notice to Department of Jurisdiction to Withhold Payment (hereinafter the Notice to Withhold), dated December 18, 2000, directing MWCSD to withhold $207,386.95 from the petitioner. The Notice to Withhold also stated as follows:

> "Department of Labor withholdings are made pursuant to Section 220-b-2b of the Labor Law, which creates a statutory trust 'for the sole and exclusive benefit of the workers.' This Trust is created even when mechanic and material liens are placed prior in time, and 'these moneys shall not be used for any other purpose *except upon court order.*' Furthermore, such liens are applied to the first moneys the contractor earns, not the last. Contracting agencies that release funds after a withholding is placed may be legally liable to the extent that there are insufficient funds withheld" (emphasis added).

On or about March 8, 2001, the petitioner commenced the instant proceeding pursuant to CPLR article 78, seeking the cancellation of the Notice to Withhold filed by the DOL with

MWCSD upon the filing of an undertaking in the amount of $238,494.99. The petition asserted that a company of the size of the petitioner could not continue to operate if such a large amount of money was withheld until an administrative hearing was concluded. The petitioner contended that General Municipal Law § 106-b (1) (a) and § 107 allowed a contractor to post a bond and obtain the release of the withheld funds.

MWCSD denied the material allegations of the petition and asserted several affirmative defenses, including that there was no authority for the petitioner's request and that the matter must be dismissed for failure to name an indispensable party— the DOL. The petitioner, in reply, asserted that it had given notice to the DOL, but that there was no requirement that the DOL be made a party to the proceeding.

By order dated April 12, 2001, the Supreme Court denied the petitioner's application, finding that General Municipal Law §§ 106-b and 107 provided no authority for the relief it requested. A judgment consistent with the order was entered on May 29, 2001.

## II.

A review of the relevant statutes is necessary. Labor Law § 220-b (2) (b), the statute upon which the DOL's authority to order the withholding of funds is based, provides, as follows:

> "b. Moneys withheld pursuant to this section shall be held by the financial officer for the sole and exclusive benefit of the workers employed on said public improvement and for payment of any civil penalty that may be assessed as provided herein and shall not be used for any other purpose *except upon court order*. Any person, partnership, association, corporation or governmental body who files a lien or commences a judicial proceeding with respect to any monies withheld pursuant to this section shall notify the fiscal officer in writing of the lien or claim on or before the date of filing of the lien or commencement of the judicial proceeding. In any proceeding to obtain moneys withheld pursuant to this section by any person, partnership, association, corporation or governmental body, the fiscal officer shall have the right to appear and be heard" (emphasis added).

The purpose of Labor Law § 220-b is to ensure that funds are available to pay the claims of employees based upon underpay-

ment of wages (*see Devitt v Schottin*, 248 App Div 298, *affd* 274 NY 188; *see also Matter of Beltrone Constr. Co. v McGowan*, 260 AD2d 870).

General Municipal Law § 106-b (1) (a), provides, in pertinent part, as follows:

"1. Payment by public owners to contractors. (a) The contractor shall periodically, in accordance with the terms of the contract, submit to the public owner and/or his agent a requisition for a progress payment for the work performed and/or materials furnished to the date of the requisition less any amount previously paid to the contractor. The public owner shall in accordance with the terms of the contract approve and promptly pay the requisition for the progress payment less an amount necessary to satisfy any claims, liens or judgments against the contractor which have not been suitably discharged and less any retained amount as hereafter described."

General Municipal Law § 107 provides, in pertinent part, as follows:

"A contractor under a contract heretofore or hereafter made or awarded by any political subdivision, or by any officer, board or agency thereof, or of any district therein, in case any claim or notice of claim for injury or damage to person or property arising out of or in connection with the performance of such contract, be made against or filed with such municipality or district therein, may file with the fiscal officer of such political subdivision or district therein an undertaking as prescribed in this section, and thereupon such fiscal officer shall be authorized to make payments to such contractor pursuant to the terms of such contract. Such undertaking shall be executed with such sureties, in such form and for such amount as the fiscal officer of such political subdivision or district therein may prescribe, and shall be conditioned for the payment by such contractor of any judgment which may be recovered in an action brought upon such claim."

The purpose of General Municipal Law § 107 is to permit contractors to obtain the release of money withheld by a municipality in connection with a public works contract upon

the posting of a sufficient bond (*see* Letter of New York State Comptroller in Support, April 4, 1924, Bill Jacket, Senate Bill Int No. 708, Print No. 1208, at 4-5; Letter of New York City Corporation Counsel in Support, April 7, 1924, Bill Jacket, Senate Bill Int No. 708, Print No. 1208, at 6-7).

### III.

While it is true that Labor Law § 220-b makes no mention of a contractor's ability to obtain a release of the funds upon the posting of a bond, as a statute in derogation of the common law, it must be strictly construed (*see Patane v City of New York,* 284 AD2d 513, 514). Accordingly, and contrary to MWCSD's contention, the failure of Labor Law § 220-b to address the availability of such relief to a public works contractor actually supports the proposition that it should be available.

The question then is whether either of the above-quoted General Municipal Law provisions are applicable to this case. Section 106-b provides no basis for the relief requested by the petitioner, but section 107 does. Section 106-b merely provides for progress payments to contractors in connection with public works contracts and provides no authority for a contractor to post a bond to release funds. Section 107, however, authorizes the release of funds upon the posting of a sufficient undertaking where the funds are held based upon a claim (1) for injury or damage to person or property; (2) arising out of the performance of the public works contract; and (3) made against or filed with the municipality or district. Here, the DOL notice filed with MWCSD arose from the contract to build a high school, and was based upon damage to persons—the employees of the petitioner who allegedly were underpaid in violation of Labor Law § 220-b. Accordingly, General Municipal Law § 107 provides a sufficient basis for the relief sought. This conclusion is supported by the very language of Labor Law § 220-b and the Notice to Withhold, both of which state that the moneys "shall not be used for any other purpose *except upon court order*" (emphasis added), and the legislative purpose of General Municipal Law § 107. Therefore, it appears that the Legislature and the DOL anticipated court intervention to allow a contractor to use contract funds in order to stay in business until a final determination is made regarding an alleged underpayment of wages.

Finally, we find that the DOL received sufficient opportunity to appear and be heard on the petitioner's present application so as to comply with the provisions of Labor Law § 220-b (2) (b).

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). Furthermore, the appeal from the order must be dismissed as no appeal lies as of right from an order in a proceeding pursuant to CPLR article 78, and leave to appeal has not been granted (*see* CPLR 5701 [b] [1]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Accordingly, the judgment is reversed, on the law, with costs, the order is vacated, the petition is granted, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment setting an appropriate amount for an undertaking and directing the release of contract funds.

PRUDENTI, P.J., FRIEDMANN and H. MILLER, JJ., concur.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the petition is granted, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment setting an appropriate amount for an undertaking and directing the release of contract funds; and it is further,

Ordered that one bill of costs is awarded to the appellant.