■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERNABE ENCARNACION, Appellant, v MICHAEL MCGINNIS, as Superintendent of Southport Correctional Facility, Respondent. [767 NYS2d 708]—Appeal from a judgment of the Supreme Court (O'Brien, III, J.), entered February 11, 2003 in Chemung County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1996, petitioner, an inmate, was charged with the stabbing death of a fellow inmate. Following a jury trial, petitioner was found guilty of the crimes of murder in the second degree and promoting prison contraband in the first degree and was sentenced to a term of imprisonment of 25 years to life.

In December 2002, petitioner commenced this CPLR article 70 proceeding for a writ of habeas corpus, contending that various violations of his constitutional and procedural rights in the course of his criminal prosecution mandate his release from prison. Given that these contentions could have been raised by petitioner upon his direct appeal from the judgment of conviction (*People v Encarnacion*, 269 AD2d 779 [2000], *lv denied* 94 NY2d 918 [2000]) or in the context of the motions he has filed pursuant to CPL article 440, habeas corpus relief is unavailable (*see People ex rel. Mammarello v Donnelly*, 286 AD2d 937 [2001]; *People ex rel. Woods v Walker*, 283 AD2d 991, 991-992 [2001], *appeal dismissed, lv denied* 96 NY2d 928 [2001]). Even if the issues raised by petitioner had merit, under the circumstances presented here, habeas corpus relief would be inappropriate as it would not bring about his immediate release from prison (*see People ex rel. Beam v Hodges*, 286 AD2d 936, 937 [2001]).

Cardona, P.J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.