■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR WOODARD, Appellant, v JOHN W. BURGE, as Superintendent of Elmira Correctional Facility, Respondent. [856 NYS2d 889]—

Petitioner is currently serving an aggregate prison sentence of 25 years to life for his convictions, in 1993, of burglary in the first degree and robbery in the first degree and, in 1994, of possession of burglar's tools. The judgments of conviction were af-

firmed upon appeal (*People v Woodard*, 234 AD2d 613 [1996], *lv denied* 89 NY2d 989 [1997], *cert denied* 520 US 1266 [1997]; *People v Woodard*, 221 AD2d 493 [1995], *lv denied* 88 NY2d 888 [1996]) and, since then, petitioner has made numerous unsuccessful motions and applications challenging his convictions. In this application for a writ of habeas corpus, petitioner claims that his latest CPL article 440 motion was improperly denied, as was his subsequent motion to reargue. Supreme Court dismissed the petition, prompting this appeal.

Initially, a habeas corpus proceeding is not the proper means by which to challenge an order denying a CPL article 440 motion. Rather, petitioner's challenge is appropriately presented in the context of a direct appeal from that order. In that regard, petitioner advises that his application for leave to appeal from the order denying his CPL article 440 motion is pending in the Second Department. In any event, even if we were to consider his arguments and find them to have merit, petitioner would not be entitled to immediate release from custody and, thus, habeas corpus relief is not available to him here (*see People ex rel. Price v West*, 30 AD3d 852, 853 [2006]; *People ex rel. Sandson v Duncan*, 306 AD2d 716, 716-717 [2003], *lv denied* 1 NY3d 501 [2003]). Accordingly, Supreme Court's dismissal of the petition was appropriate.

Mercure, J.P., Carpinello, Rose, Kane and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.