■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VICTOR WOODARD, Appellant, v WILLIAM R. LAPE, as Superintendent of Coxsackie Correctional Facility, Respondent. [872 NYS2d 563]— Appeal from a judgment of the Supreme Court (Lalor, J.), entered September 4, 2007 in Greene County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner is serving an aggregate prison term of 25 years to life following his 1993 conviction of burglary in the first degree and robbery in the first degree and his 1994 conviction of possession of burglar's tools. The judgments of conviction were af-

firmed upon appeal (*People v Woodard*, 234 AD2d 613 [1996], *lv denied* 89 NY2d 989 [1997], *cert denied* 520 US 1266 [1997]; *People v Woodard*, 221 AD2d 493 [1995], *lv denied* 88 NY2d 888 [1996]) and petitioner thereafter brought numerous unsuccessful motions and applications to challenge those convictions (*see e.g. People ex rel. Woodard v Burge*, 49 AD3d 1092 [2008], *lv denied* 10 NY3d 715 [2008]; *People ex rel. Woodard v Burge*, 41 AD3d 1068 [2007], *lv denied* 9 NY3d 810 [2007]; *People ex rel. Woodard v Artus*, 18 AD3d 1048 [2005], *lv denied* 5 NY3d 709 [2005])—including this application for a writ of habeas corpus, which Supreme Court denied.

Habeas corpus relief does not lie where the arguments advanced could have been raised either upon a direct appeal from the judgment of conviction or in the context of a collateral motion (*see People ex rel. Cropper v Taylor*, 48 AD3d 852, 853 [2008], *lv denied* 10 NY3d 710 [2008]; *People ex rel. Encarnacion v McGinnis*, 2 AD3d 933, 933 [2003], *lv denied* 1 NY3d 510 [2004]). Inasmuch as the issues presented herein could have been raised either upon petitioner's direct appeal or in the context of his various CPL article 440 motions, petitioner is not entitled to the relief sought. Accordingly, Supreme Court's judgment is affirmed.

Mercure, J.P., Spain, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.