■ The People of the State of New York ex rel. Thomas Howard, Appellant, v David Rock, as Superintendent of Great Meadow Correctional Facility, Respondent. [876 NYS2d 664]—

Appeal from a judgment of the Supreme Court (Pritzker, J.), entered July 2, 2008 in Washington County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner, who is serving an aggregate prison term of 42 years following his 2001 conviction of multiple sex crimes (*People v Howard*, 20 AD3d 768 [2005], *lv denied* 5 NY3d 806 [2005]), commenced this CPLR article 70 proceeding seeking a writ of habeas corpus alleging certain constitutional violations and various jurisdictional defects. Habeas corpus relief does not lie where, as here, the arguments advanced could have been raised either upon a direct appeal from the judgment of conviction or in the context of a CPL article 440 motion (*see People ex rel. Woodard v Lape*, 58 AD3d 903, 904 [2009]; *People ex rel. Malik v State of New York*, 58 AD3d 1042, 1043 [2009])—even though one of the claims raised is jurisdictional in nature (*see People ex rel. Moore v Connolly*, 56 AD3d 847, 848 [2008], *lv denied* 12 NY3d 701 [2009]). Contrary to petitioner's assertion, a CPL article 440 motion indeed is the mechanism by which he may

seek to vacate the judgment of conviction upon the ground that the trial court lacked personal and/or subject matter jurisdiction (*see* CPL 440.10 [1] [a]). Moreover, while we agree that Supreme Court should not have dismissed petitioner's application prior to considering his timely reply, that error does not entitle petitioner to the requested relief. In short, as our review of the record reveals no extraordinary circumstances that would warrant a departure from traditional orderly procedure, Supreme Court's judgment is affirmed (*see People ex rel. Moore v Connolly*, 56 AD3d at 848; *People ex rel. Hunter v Buffardi*, 15 AD3d 736 [2005]).

Peters, J.P., Lahtinen, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.