■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. VARREL MITCHELL, Appellant, v MALCOLM CULLY, Superintendent, Livingston Correctional Facility, Respondent. [880 NYS2d 595]—

Appeal from a judgment (denominated order) of the Supreme Court, Livingston County (Dennis S. Cohen, A.J.), entered November 22, 2006 in a habeas corpus proceeding. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly dismissed the petition for a writ of habeas corpus. Petitioner has not yet perfected his appeal to the Appellate Division, Third Department, and he raises issues that may either be raised on that appeal or by way of a motion pursuant to CPL article 440 (*see People ex rel. Malik v State of New York*, 58 AD3d 1042, 1043 [2009]; *People ex rel. Lyons v Conway*, 32 AD3d 1324 [2006], *lv denied* 8 NY3d 802 [2007]; *People ex rel. Encarnacion v McGinnis*, 2 AD3d 933 [2003], *lv denied* 1 NY3d 510 [2004]). Petitioner failed to preserve for our review his contention that the court erred in failing to conduct a hearing to determine whether he had a valid appeal pending in the Third Department inasmuch as he never requested such a hearing. In any event, that contention lacks merit because the papers submitted by petitioner in support of the petition for a writ of habeas corpus show that such an appeal is pending, and thus petitioner failed to "present factual issues that would entitle [him] to an evidentiary hearing" (*People ex rel. Jackson v New York State Dept. of Correctional Servs.*, 253 AD2d 919 [1998]).

Petitioner also failed to preserve for our review his contention that the response to the petition by respondent was insufficient because it did not constitute a "return" pursuant to CPLR 7008 (b) (*see generally People ex rel. Woods v Walker*, 283 AD2d 991 [2001], *appeal dismissed and lv denied* 96 NY2d 928 [2001]). In any event, that contention lacks merit inasmuch as "CPLR 7008 does not mandate that respondent file a return or prohibit the court from reaching the merits of the petition in the absence of a return" (*People ex rel. Vasquez v McCoy*, 280 AD2d 929 [2001], *lv dismissed* 96 NY2d 823 [2001]). We reject petitioner's further contention that the court erred in rendering its determination prior to receiving petitioner's reply to the response. Pursuant to CPLR 7009 (b), petitioner "may" submit a reply, and thus a reply is not required before the court's issuance of a determination. Present—Scudder, P.J., Hurlbutt, Peradotto, Green and Gorski, JJ.