■ In the Matter of GLENMAN INDUSTRIAL & COMMERCIAL CONTRACTING CORPORATION, Appellant, v NEW YORK STATE OFFICE OF THE STATE COMPTROLLER et al., Respondents. (And Another Related Proceeding.) [905 NYS2d 713]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Sackett, J.), entered April 29, 2009 in Albany County, which dismissed petitioner's applications, in two proceedings pursuant to CPLR article 78, to compel respondents to accept an undertaking and release certain withheld funds.

Petitioner contracted in August 2007 with respondent Office of General Services to perform a construction project known as the Camp Smith Project in Westchester County. Respondent Department of Labor (hereinafter DOL) commenced an investigation as to whether two subcontractors on the project undercompensated their employees. Pursuant to Labor Law § 220-b, DOL issued notices to withhold in December 2008 and January 2009. As a result, respondent Office of the State Comptroller (hereinafter OSC) withheld payments due to petitioner (the general contractor) in excess of $1,329,000 pending final determination of the investigations of the two subcontractors (*see* Labor Law § 223 [general contractor responsible for noncompliance of subcontractor]; *Matter of Konski Engrs. v Commissioner of Labor of State of N.Y.*, 229 AD2d 950, 950 [1996], *lv denied* 89 NY2d 802 [1996]). Petitioner communicated with DOL and OSC regarding the difficulties caused to its business by the significant withholdings (which included considerable potential penalties and interest) and requested, pursuant to State Finance Law § 141, release of the payments upon substitution of an undertaking for 110% of withheld funds by an authorized surety company (*see generally* Lien Law § 21 [5]). OSC deferred to DOL, which indicated to petitioner that a court order was necessary (*see* Labor Law § 220-b [2] [b]) and also that it preferred a "direct route" to the money by keeping the payments withheld rather than having a surety bond.

Petitioner commenced the current CPLR article 78 proceedings seeking a judgment directing respondents to accept the undertaking and OSC to release the withheld payments. Respondents opposed the applications. Supreme Court determined, among other things, that the petitions were in the nature of mandamus to compel (*see* CPLR 7803 [1]) and that the act petitioner sought to compel was not a ministerial one that respondents were required by law to perform. Supreme Court dismissed the petitions and petitioner appeals.

Labor Law § 220-b is part of a statutory framework, grounded in NY Constitution, article I, § 17, long recognized as "intended to protect the interests of laborers engaged upon public work of the State and its subdivisions" (*Devitt v Schottin*, 248 App Div 298, 301 [1936], *affd* 274 NY 188 [1937]; *see generally Matter of*

*Lantry v State of New York*, 6 NY3d 49, 54 [2005]; *Matter of General Elec. Co. v New York State Dept. of Labor*, 154 AD2d 117, 119 [1990], *affd* 76 NY2d 946 [1990]). The officer or person charged with the disbursement of state or municipal corporation funds applicable to a public improvement contract is statutorily authorized to withhold moneys due to a contractor pending an investigation regarding insufficient wages. The statute further provides that "[m]oneys withheld pursuant to this section shall be held by the financial officer for the sole and exclusive benefit of the workers employed on said public improvement and for payment of any civil penalty that may be assessed . . . and shall not be used for any other purpose except upon court order" (Labor Law § 220-b [2] [b]). When funds are withheld under this law, the "investigation and hearing shall be expeditiously conducted" (Labor Law § 220-b [2] [c]). This is an administrative proceeding where quick resolution is statutorily directed and the failure to act promptly can result in a court directing an expeditious hearing (*see Matter of Nalews, Inc. v New York State Envtl. Facilities Corp.*, 79 AD2d 829, 830-831 [1980], *appeal dismissed* 53 NY2d 940 [1981]).

However, no provision in Labor Law article 8 directs immediate release by OSC of the withheld funds upon being provided an undertaking. Petitioner urges that State Finance Law § 141 provides authority for an undertaking to be used to free payments withheld under Labor Law § 220-b. State Finance Law § 141 states: "A contractor under a contract heretofore or hereafter made or awarded by the state or by any public department or official thereof, in case any claim or notice of claim for injury or damage to person or property, arising out of or in connection with the performance of such contract, be made to or filed with the state or any public department or official thereof, may file with the comptroller an undertaking in the terms and manner prescribed in this section, and thereupon the comptroller shall be authorized to make payments to such contractor pursuant to the terms of such contract. Such undertaking shall be executed with such sureties, in such form and for such amount as the comptroller may prescribe, and shall be conditioned for the payment by such contractor of any judgment which may be recovered in an action brought upon such claim." Construing language in General Municipal Law § 107, which is nearly identical to State Finance Law § 141, the Second Department has held that "Supreme Court has the authority to allow a contractor to post an undertaking and receive contract funds withheld pursuant to . . . Labor Law § 220-b (2) (b)" (*Matter of Rondout Elec. v Monroe Woodbury Cent. School Dist.*, 301 AD2d 113, 114 [2002]). While we agree with the holding in *Rondout*

that Supreme Court can direct the substitution of an undertaking for withheld money under appropriate circumstances, the *Rondout* decision did not address the procedural issue presented here as to whether a CPLR article 78 proceeding in the nature of mandamus to compel is appropriate at the outset of the dispute to require an agency to accept an undertaking as a substitute for withheld payments.[1]

"Mandamus to compel is available 'only to enforce a clear legal right where the public official has failed to perform a duty enjoined by law' " (*Matter of Schmitt v Skovira*, 53 AD3d 918, 920 [2008], quoting *New York Civ. Liberties Union v State of New York*, 4 NY3d 175, 184 [2005]). "Thus, mandamus does not lie to enforce the performance of a duty that is discretionary, as opposed to ministerial" (*New York Civ. Liberties Union v State of New York*, 4 NY3d at 184). "A discretionary act 'involve[s] the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result' " (*id.* at 184, quoting *Tango v Tulevech*, 61 NY2d 34, 41 [1983]).

State Finance Law § 141, read in conjunction with Labor Law § 220-b, does not create a nondiscretionary obligation to accept an undertaking and release withheld payments (*cf.* Lien Law § 21 [5]). Pursuant to State Finance Law § 141, OSC is "authorized"—but not required—to make payments upon the filing of an undertaking. OSC also has discretion in determining which sureties are acceptable. Moreover, any such release of funds must, under Labor Law § 220-b (2) (b), be conditioned upon the additional step of obtaining court approval and not merely upon the determination of an agency. We agree with Supreme Court that the statutory scheme does not create a nondiscretionary obligation of respondents to accept an undertaking as a substitution for withheld funds. An agency's arbitrary refusal to consider such a substitute (an issue not properly before us[2]) could be subject to review (*see* CPLR 7803 [3]) and, moreover,

---

1. This issue was not argued in *Rondout* (*see* brief for respondent-respondent in *Matter of Rondout Elec. v Monroe Woodbury Cent. School Dist.*, 301 AD2d 113 [2002], available at 2001 WL 34687692) and, moreover, a breach of contract action was pending between the parties before DOL issued a notice to withhold (*see* brief for plaintiff-appellant in *Matter of Rondout Elec. v Monroe Woodbury Cent. School Dist.*, 301 AD2d 113 [2002], available at 2003 WL 23322129).

2. Although petitioner argued in its brief that CPLR 7803 (3) was a separate available ground to reverse, its petitions were not in the nature of review and petitioner acknowledged at oral argument it was seeking mandamus to compel.

Supreme Court could make such a substitution a condition for failing to conduct an expeditious investigation and hearing as statutorily mandated.

Rose, J.P., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.