■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JUSTO RICHARDS, Appellant, v BRUCE YELICH, as Superintendent of Bare Hill Correctional Facility, Respondent. [927 NYS2d 801]—

In 1983, petitioner was convicted of murder in the second degree, manslaughter in the first degree and criminal possession of a weapon in the third degree. He was sentenced to concurrent prison terms of 25 years to life on the murder conviction, 8⅓ to 25 years on the manslaughter conviction and 5 to

15 years on the weapon possession conviction. His judgment of conviction was subsequently affirmed on appeal (*People v Richards*, 112 AD2d 957 [1985], *lv denied* 66 NY2d 1043 [1985]) and his CPL 440.10 motion to vacate the judgment of conviction was denied. Thereafter, petitioner brought various unsuccessful applications for writs of habeas corpus as well as a writ of error coram nobis in state and federal court (*see United States ex rel. Richards v Kuhlmann*, 1995 WL 116281 [ED NY 1995]; *United States ex rel. Richards v Bartlett*, 1993 WL 372267, 1993 US Dist LEXIS 12743 [ED NY 1993]; *People ex rel. Richards v Dalsheim*, 60 NY2d 642 [1983]; *People v Richards*, 233 AD2d 469 [1996], *appeal dismissed* 89 NY2d 928 [1996]). He now brings the instant application for a writ of habeas corpus asserting that his detention is illegal because the trial court lacked jurisdiction to convict him under a repealed statute. Supreme Court declined to issue the writ and denied petitioner's application. This appeal ensued.

We affirm. It is well settled that habeas corpus relief is not an appropriate remedy for resolving issues that could be raised on direct appeal or in a CPL article 440 motion even if such issues are jurisdictional in nature (*see People ex rel. Chapman v LaClair*, 64 AD3d 1026, 1026 [2009], *lv denied* 13 NY3d 712 [2009]; *People ex rel. Howard v Rock*, 61 AD3d 1230, 1230 [2009], *lv denied* 13 NY3d 702 [2009]). Here, petitioner had the opportunity to raise his present challenge in his prior appeal or in his CPL article 440 motion. In view of this, and given that we perceive no reason to depart from traditional orderly procedure, we find that Supreme Court properly denied his application (*see People ex rel. Moore v Connolly*, 56 AD3d 847, 848 [2008], *lv denied* 12 NY3d 701 [2009]; *People ex rel. Alvarez v West*, 22 AD3d 996, 996 [2005], *lv denied* 6 NY3d 704 [2006]).

Peters, J.P., Lahtinen, Kavanagh, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.