■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SCOTT MORSE, Appellant, v JAMES L. BERBARY, Superintendent, Collins Correctional Facility, Respondent. [937 NYS2d 909]—

Memorandum: Petitioner commenced this proceeding seeking a writ of habeas corpus, alleging that his detention was illegal and that he is entitled to immediate release from detention because he did not receive due process when in 1998 he was assessed a level two sex offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). According to petitioner, his initial risk assessment was improper. Thus, he contends that he should not have been required to comply with SORA's registration requirements and that the charges stemming from his failure to do so, along with the bail jumping charge "would never have existed." Supreme Court properly dismissed the petition. Habeas corpus relief is unavailable here inasmuch as petitioner could have raised the instant issue on direct appeal or by way of a motion under CPL article 440 (*see People ex rel. Robinson v Graham*, 68 AD3d 1706 [2009], *lv denied* 14 NY3d 706 [2010]). Moreover, petitioner would not be entitled to immediate release from detention even if he were to prevail with respect to SORA because the crime of bail jumping is unrelated to SORA (*see generally People ex rel. Douglas v Vincent*, 50 NY2d 901, 903 [1980]). Finally, we conclude that petitioner was not a member of the class of plaintiffs covered by the stipulation in *Doe v Pataki* (427 F Supp 2d 398, 402-403 [2006], *orders vacated* 481 F3d 69 [2006]) who were entitled to a redetermination of their risk assessment level. Present— Scudder, P.J., Centra, Peradotto, Lindley and Martoche, JJ.