Appeal from a judgment of the Supreme Court (Melkonian, J.), entered February 1, 2012 in Albany County, which dismissed petitioner’s application, in a proceeding pursuant to CPLR article 78, to compel respondent to notify the sentencing court that he was erroneously sentenced.
In 1995, petitioner was sentenced, as a persistent felony offender, to four concurrent prison terms of 25 years to life. In 2010, he requested that respondent, pursuant to Correction Law § 601-a, notify the sentencing court that he had been erroneously sentenced as a persistent felony offender. Respondent denied the request, based upon his determination that petitioner had not demonstrated that he was sentenced in error.* Thereafter, petitioner commenced this CPLR article 78 proceeding, in the nature of mandamus, seeking to compel respondent to make the requested notification. Supreme Court dismissed the petition based upon the principle of collateral estoppel and petitioner now appeals.
We affirm, albeit on different grounds. “The writ of manda *1005 mus is an extraordinary remedy that lies only to compel the performance of acts which are mandatory, not discretionary, and only when there is a clear legal right to the relief sought” (Matter of Johnson v Corbitt, 87 AD3d 1214, 1215 [2011], lv denied 18 NY3d 802 [2011] [citations omitted]; see Matter of Morrison v Hynes, 82 AD3d 772, 772 [2011]). Clearly, “[t]he act sought to be compelled must be ministerial, nondiscretionary and nonjudgmental” (Matter of Brown v New York State Dept. of Social Servs., 106 AD2d 740, 741 [1984], lv denied 65 NY2d 604 [1985]; accord New York Civ. Liberties Union v State of New York, 3 AD3d 811, 814 [2004], affd 4 NY3d 175 [2005]). Pursuant to Correction Law § 601-a, respondent has a duty to inform the sentencing court “[w]henever it shall appear to the satisfaction of [respondent] based on facts submitted on behalf of a person sentenced and confined in a state prison, that any such person has been erroneously sentenced.” Accordingly, inasmuch as the initial determination of whether notification pursuant to Correction Law § 601-a is entrusted to respondent’s discretion and judgment — i.e., respondent must determine whether an erroneous sentence has been demonstrated — mandamus does not lie (see generally New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]; Matter of Glenman Indus. & Commercial Contr. Corp. v New York State Off. of the State Comptroller, 75 AD3d 986, 989 [2010]; Matter of Coleman v Goord, 307 AD2d 462, 463 [2003]). We note, however, that claims that an imposed sentence was illegal, unauthorized or invalid may be brought pursuant to CPL 440.20.
Mercure, J.P., Rose, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

 Petitioner also filed a grievance with the inmate grievance committee requesting the same relief, which was denied.