◼ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROBERT TUMMINIA, Appellant, v PATRICK GRIFFIN, as Superintendent of Sullivan Correctional Facility, Respondent. [987 NYS2d 256]—

Egan Jr., J. Appeal from a judgment of the Supreme Court

(LaBuda, J.), entered March 7, 2012 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

In 1997, petitioner pleaded guilty to one count of rape in the first degree stemming from allegations that, less than 90 days after completing parole supervision for a prior felony conviction, he raped and sodomized a 28-year-old woman at knife point in Broome County. As a result, petitioner was sentenced to 15 years in prison. Thereafter, as petitioner neared his February 2011 conditional release date, the Department of Correctional Services (now known as the Department of Corrections and Community Supervision) notified the Attorney General and the Commissioner of Mental Health of petitioner's anticipated release from prison (see Mental Hygiene Law § 10.05 [b]), and petitioner, in turn, was referred to an Office of Mental Health case review team for evaluation (see Mental Hygiene Law § 10.05 [e]). Following a psychiatric evaluation, petitioner was found to be a sex offender requiring civil management pursuant to the Sex Offender Management and Treatment Act (see Mental Hygiene Law art 10 [eff Apr. 13, 2007] [hereinafter SOMTA]), and petitioner and the Attorney General were notified accordingly (see Mental Hygiene Law § 10.05 [g]). The Attorney General thereafter filed a SOMTA petition in Sullivan County—where petitioner was confined—seeking, among other things, a finding that there was probable cause to believe that petitioner was a sex offender requiring civil management. Upon petitioner's request, the SOMTA proceeding was transferred to Broome County (see Mental Hygiene Law § 10.06 [b]).

Following a hearing, Supreme Court (Tait, J.) found probable cause to believe that petitioner was a sex offender requiring civil management, i.e., "a detained sex offender who suffers from a mental abnormality" (Mental Hygiene Law § 10.03 [q]) and ordered that petitioner be retained in custody pending trial.[1] After petitioner unsuccessfully sought habeas corpus relief in the context of the underlying SOMTA proceeding, he commenced this habeas corpus proceeding in October 2011 claiming that his confinement pursuant to SOMTA was unlawful. Supreme Court (LaBuda, J.) dismissed petitioner's application without a hearing, prompting this appeal.[2]

---

1. Petitioner elected to remain at the Sullivan County Correctional Facility pending completion of the SOMTA proceeding.

2. According to respondent, the SOMTA proceeding went to trial in June 2013, and a jury thereafter found that petitioner was a detained sex offender who suffers from a mental abnormality. The dispositional phase of that proceeding apparently has yet to be conducted.

Petitioner, as so limited by his brief, contends that he is entitled to specific performance of the underlying plea agreement, i.e., to be released upon the completion of his sentence without being subject to a SOMTA proceeding, and that application of SOMTA to his 1997 conviction retroactively impairs his contract rights under the plea agreement and operates to deprive him of due process. The merits of petitioner's arguments, however, need not detain us at this juncture. It is well settled that "habeas corpus relief does not lie where there are other procedures available for review of the challenged error" (*People ex rel. Quartararo v Demskie*, 238 AD2d 792, 793-794 [1997], *lv denied* 90 NY2d 802 [1997]; *see People ex rel. Richards v Yelich*, 87 AD3d 764, 765 [2011], *appeal dismissed and lv denied* 17 NY3d 922 [2011]; *People ex rel. Minter v Eisenschmidt*, 294 AD2d 939, 939-940 [2002], *lv denied* 98 NY2d 609 [2002]; *People ex rel. Charles v DeAngelo*, 263 AD2d 796, 797 [1999]; *People ex rel. DeFlumer v Strack*, 212 AD2d 555, 555 [1995], *lv dismissed* 85 NY2d 966 [1995]; *cf. People ex rel. Morse v Berbary*, 92 AD3d 1229, 1230 [2012], *lv denied* 19 NY3d 802 [2012]). Here, as petitioner candidly acknowledges in his reply brief, there are other procedural avenues available to pursue the very claims he now raises—most notably, a direct appeal from any final order entered in the underlying SOMTA proceeding (*see* Mental Hygiene Law § 10.13 [b]). Although petitioner plainly regards the instant habeas corpus proceeding as the most expeditious vehicle for challenging SOMTA's application to his conviction, we discern no reason to depart from traditional orderly procedures (*see People ex rel. Richards v Yelich*, 87 AD3d at 765). Accordingly, Supreme Court properly dismissed petitioner's application.

Peters, P.J., Stein, Garry and Clark, JJ., concur. Ordered that the judgment is affirmed, without costs.