In the Matter of ROBERT REED, Appellant, v ANTHONY ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. (Appeal No. 1.) [19 NYS3d 453]—

Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered October 2, 2014 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, an inmate in the custody of respondent New York State Department of Corrections and Community Services (DOCCS), commenced this CPLR article 78 proceeding challenging his commitment to the custody of DOCCS on the ground that it was not authorized by the sentencing court, i.e., Niagara County Court. Supreme Court properly dismissed the petition. It is of no consequence that the sentencing court, in imposing petitioner's sentence, did not explicitly commit him to the custody of DOCCS, inasmuch "as the imposed sentence could only be served in a state facility" (*People ex rel. Hurley v Jubert*, 56 AD3d 915, 915 [2008], *lv denied* 12 NY3d 703 [2009], citing Penal Law § 70.20 [1] [a]). In addition, we agree with DOCCS that the petition was subject to dismissal on the further ground that petitioner failed to join Niagara County Court as a necessary party, inasmuch as DOCCS had no authority to alter the commitment order (*see Matter of Reed v Fischer*, 79 AD3d 1517, 1517-1518 [2010]; *Matter of Reed v Travis*, 19 AD3d 829, 830 [2005], *lv denied* 5 NY3d 708 [2005]). Present—Scudder, P.J., Centra, Carni, Whalen and DeJoseph, JJ.