# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1102
KAH 15-01200
PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
QUINCY NOLLEY, PETITIONER-APPELLANT,

V                                                   MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (NORMAN P. EFFMAN OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (HEATHER MCKAY OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County
(Michael M. Mohun, A.J.), entered June 23, 2015 in a habeas corpus
proceeding. The judgment denied and dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment dismissing his
petition seeking a writ of habeas corpus. Petitioner failed to
preserve for our review his contention that respondent failed to
discharge his responsibility, pursuant to Correction Law § 601-a, to
notify the sentencing court of the alleged discrepancy between the
sentencing minutes and the sentence and commitment order (*see
generally People ex rel. Mitchell v Cully*, 63 AD3d 1679, 1679, *lv
denied* 13 NY3d 708). In any event, habeas corpus relief is not
available because petitioner would not be entitled to immediate
release based upon respondent's alleged failure to comply with the
statute (*see People ex rel. Shannon v Khahaifa*, 74 AD3d 1867, 1867, *lv
dismissed* 15 NY3d 868). We decline to exercise our power under CPLR
103 (c) to convert this proceeding into a CPLR article 78 proceeding
to address that unpreserved contention (*see Matter of Johnson v
Fischer*, 104 AD3d 1004, 1005).

We likewise reject petitioner's request that we convert this
proceeding to a CPLR article 78 proceeding and direct that he be
resentenced to correct the alleged discrepancy between the sentencing
minutes and the sentence and commitment order. Although petitioner
sought that relief in his petition, he failed to join the sentencing
court as a necessary party, and respondent had no authority to alter

the sentence and commitment order (*see Matter of Reed v Annucci*, 133 AD3d 1334, 1335).  Because respondent is conclusively bound by that order and his calculation of the sentence is consistent therewith, petitioner's remedy, if any, is an appropriate proceeding before the sentencing court (*see Matter of Jackson v Fischer*, 132 AD3d 1038, 1039; *People ex rel. Davidson v Kelly*, 193 AD2d 1140, 1141).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court