Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered June 23, 2015 in a habeas corpus proceeding. The judgment denied and dismissed the petition.
It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from a judgment dismissing his petition seeking a writ of habeas corpus. Petitioner failed to preserve for our review his contention that respondent failed to discharge his responsibility, pursuant to Correction Law § 601-a, to notify the sentencing court of the alleged discrepancy between the sentencing minutes and the sentence and commitment order (see generally People ex rel. Mitchell v Cully, 63 AD3d 1679, 1679 [2009], lv denied 13 NY3d 708 [2009]). In any event, habeas corpus relief is not available because petitioner would not be entitled to immediate release based upon respondent’s alleged failure to comply with the statute (see People ex rel. Shannon v Khahaifa, 74 AD3d 1867, 1867 [2010], lv dismissed 15 NY3d 868 [2010]). We decline to exercise our power under CPLR 103 (c) to convert this proceeding into a CPLR article 78 proceeding to address that unpre-served contention (see Matter of Johnson v Fischer, 104 AD3d 1004, 1005 [2013]).
We likewise reject petitioner’s request that we convert this *1519 proceeding to a CPLR article 78 proceeding and direct that he be resentenced to correct the alleged discrepancy between the sentencing minutes and the sentence and commitment order. Although petitioner sought that relief in his petition, he failed to join the sentencing court as a necessary party, and respondent had no authority to alter the sentence and commitment order (see Matter of Reed v Annucci, 133 AD3d 1334, 1335 [2015]). Because respondent is conclusively bound by that order and his calculation of the sentence is consistent therewith, petitioner’s remedy, if any, is an appropriate proceeding before the sentencing court (see Matter of Jackson v Fischer, 132 AD3d 1038, 1039 [2015]; People ex rel. Davidson v Kelly, 193 AD2d 1140, 1141 [1993]).
Present—Whalen, P.J., Centra, Lindley, NeMoyer and Troutman, JJ.