■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES DE CICCO, Appellant, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, Respondent. — Kane, J. P. Appeal from a judgment of the Supreme Court at Special Term (Ford, J.), entered June 7, 1983 in Clinton County, which dismissed a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

In this habeas corpus proceeding, petitioner challenges the legality of the sentence imposed upon him on July 6, 1981. Special Term dismissed the instant petition on the ground that the proper means for challenging the sentence are provided in the CPL. This appeal ensued.

This court has consistently held that challenges, such as this, to the legality of a sentence should be reviewed by appeal or pursuant to CPL article 440 rather than by habeas corpus (see, People ex rel. Hall v LeFevre, 92 AD2d 956, 957, affd 60 NY2d 579; People ex rel. World v Jones, 88 AD2d 1096, lv denied 57 NY2d 608; People ex rel. Gaines v Jones, 79 AD2d 1065). Upon review of this record, we find no reasons of practicality and necessity requiring a departure from the traditional orderly procedure, and, consequently, Special Term's dismissal of the petition should not be disturbed (see, People ex rel. World v Jones, supra). We note that petitioner may still challenge the legality of the sentence imposed pursuant to CPL article 440.

Judgment affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.

■ NORBERT SOLTYSIAK, Appellant, v DOLORES SOLTYSIAK, Respondent. — Kane, J. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered April 19, 1984 in Albany County, which, inter alia, granted defendant's motion for temporary maintenance and child support.

A review of the record reveals no abuse of discretion by Special Term (see, Bennett v Bennett, 105 AD2d 1047; Hyman v Hyman, 56 AD2d 337). As we have previously indicated in similar situations involving pendente lite orders, "a prompt trial is the most efficacious means to resolve any claimed inequities" (Vallet v Vallet, 86 AD2d 741; accord, Corsell v Corsell, 80 AD2d 544). The order should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Mikoll and Harvey, JJ., concur.