■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT I. REED, Appellant. [624 NYS2d 693] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: County Court did not abuse its discretion in consolidating the indictments for trial. Defendant does not dispute that the counts in the two indictments were joinable in that they "are the same or similar in law" (CPL 200.20 [2] [c]). Defendant failed to establish that substantially more proof would be required on one count than any other or that he had important testimony to give with respect to one count and a genuine need to refrain from testifying on another count *(see,* CPL 200.20 [3]; *People v Lane,* 56 NY2d 1). The mere fact that each count involved a charge of rape in the first degree does not preclude joinder *(see, People v Hall,* 169 AD2d 778; *People v Telford,* 134 AD2d 632, *lv denied* 71 NY2d 903), and defendant's contention that the jury would be unable to consider the facts of each case separately was speculative at best. Indeed, the verdict, which found defendant not guilty on two counts involving separate victims and guilty on two other counts, reflects that the jury was able to consider each count as a separate and distinct incident.

The court's charge on reasonable doubt as a whole conveyed the proper standard of proof to the jury. In any event, the challenged language, "the search for the truth" *(see, People v Carfagna,* 212 AD2d 960 [decided herewith]), was given in this case in the context of the court's instruction on credibility issues.

Upon our review of the record, we conclude that the sentence imposed is unduly severe and must be modified *(see, People v Holloway,* 185 AD2d 646, 647). Therefore, as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b];

*People v Thompson,* 60 NY2d 513, 519), we modify the sentence to direct that the indeterminate terms of imprisonment of 8⅓ to 25 years run concurrently. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Rape, 1st Degree.) Present—Denman, P. J., Balio, Fallon, Callahan and Davis, JJ.