Appeal from a judgment of the Supreme Court (Muller, J.), entered August 31, 2012 in Essex County, which denied petitioner’s application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
Petitioner, who is serving an aggregate prison sentence of 8V3 to 25 years as a result of his 1993 conviction of two counts of rape in the first degree (People v Reed, 212 AD2d 962 [1995], lv denied 86 NY2d 739 [1995]), was later convicted in 1995 of two counts of promoting prison contraband in the first degree and sentenced to concurrent prison terms of 2V2 to 5 years, to run consecutively to the sentences for the rape convictions. He has unsuccessfully challenged the rape convictions on direct appeal and, among other things, various habeas corpus applications (see e.g. People ex rel. Reed v Travis, 12 AD3d 1102, 1103 [2004], lv denied 4 NY3d 704 [2005]). In June 2012, petitioner brought this application for a writ of habeas corpus arguing, among other things, that, with respect to the rape convictions, there were defects or irregularities in the order of commitment and he was being detained for crimes he did not commit. Supreme Court denied petitioner’s application and he now appeals.
We affirm. Significantly, petitioner’s “arguments were or could have been raised upon [his] direct appeal or CPL article 440 motion and, as no extraordinary circumstances exist that would warrant a departure from traditional orderly procedure, habeas corpus relief is unavailable” (People ex rel. Rivas v Walsh, 69 AD3d 1236 [2010], lv denied 14 NY3d 712 [2010]; see People ex rel. Williams v Cunningham, 106 AD3d 1303, 1304 [2013]). Moreover, as previously noted by the Fourth Department, even if there was some validity to petitioner’s challenge to the commitment order, he “would not be entitled to immediate release because there is a valid judgment of conviction underlying the commitment, and thus habeas corpus relief is not appropriate” (People ex rel. Reed v Travis, 12 AD3d at 1103). Accordingly, we find no basis to disturb the denial of his application.
Peters, P.J., Rose, Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.