THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER Q. JONES, Appellant. [23 NYS3d 6]—

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered January 5, 2011, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's credibility determinations.

The rulings challenged on appeal, and discussed separately in this decision, were proper exercises of the court's discretion. In each instance, there was no prejudice to defendant or violation of any constitutional right.

The court properly refused to give a specific instruction regarding the significance of the cooperation agreements of two prosecution witnesses (*see People v Inniss*, 83 NY2d 653 [1994]). The charge as a whole, including an instruction regarding interested witnesses, adequately conveyed the need to scrutinize the testimony of these witnesses.

The court properly excluded an anonymous, unsubstantiated tip regarding a possible alternative suspect. The tip lacked any indicia of reliability, and even if offered to challenge the thoroughness of the police investigation, any minimal probative value the tip may have had on that subject was outweighed by its prejudicial effect (*see People v Hayes*, 17 NY3d 46, 52-54 [2011], *cert denied* 565 US —, 132 S Ct 844 [2011]). By way of contrast, when the People introduced a statement by a nontestifying declarant as background to explain police actions, it is clear that defendant had opened the door to that evidence through a line of cross-examination (*see Tennessee v Street*, 471 US 409 [1985]; *People v Reid*, 19 NY3d 382 [2012]).

The court properly denied defendant's various mistrial motions, made on the basis of evidentiary issues. In each instance, the court provided a sufficient remedy by striking offending testimony or delivering thorough instructions to the jury.

The court properly discharged an absent juror after waiting two hours after the scheduled resumption of proceedings. Under the "bright-line" rule of *People v Jeanty* (94 NY2d 507, 515 [2000]), a juror "who is . . . more than two hours late can be conclusively presumed to be unavailable and is subject, in the court's discretion, to discharge" (*id.* at 516). Although the discharged juror arrived 15 minutes after being replaced by an alternate, the court, after interviewing the discharged juror and considering the totality of circumstances, properly adhered to its ruling and declined to reinstate the juror.

We perceive no basis for reducing defendant's sentence, or running it concurrently with his life sentence on another conviction. Concur—Tom, J.P., Sweeny, Renwick and Manzanet-Daniels, JJ.