# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1275**
**KA 15-01475**
PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

CHRISTOPHER A. TYLER, DEFENDANT-APPELLANT.

---

WILLIAM MASELLI, PORTLAND, MAINE, OF THE MAINE BAR, ADMITTED PRO HAC VICE, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered July 22, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree (three counts) and menacing in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]) and one count of menacing in the second degree (§ 120.14 [1]). Defendant failed to preserve for our review his contention that he was deprived of a fair trial by comments the prosecutor made during his opening statement (*see* CPL 470.05 [2]; *People v Cullen*, 110 AD3d 1474, 1475, *affd* 24 NY3d 1014). Defendant also failed to preserve for our review the majority of instances of alleged prosecutorial misconduct on summation (*see People v Justice*, 99 AD3d 1213, 1216, *lv denied* 20 NY3d 1012) and, in any event, we conclude that the prosecutor's summation was either fair response to defense counsel's summation (*see People v Melendez*, 11 AD3d 983, 984, *lv denied* 4 NY3d 888), or fair comment on the evidence (*see People v Graham*, 125 AD3d 1496, 1498, *lv denied* 26 NY3d 1008). Even assuming, arguendo, that any of the prosecutor's comments during his opening statement or on summation were improper, we further conclude that they were not so egregious as to deprive defendant of a fair trial (*see People v Figgins*, 72 AD3d 1599, 1600, *lv denied* 15 NY3d 893; *People v Sweney*, 55 AD3d 1350, 1351, *lv denied* 11 NY3d 901). Defendant's contention that the prosecutor engaged in misconduct during his examination of the complaining witness and during cross-examination is without merit.

Defendant contends that the court erred in instructing the jury

that justification is not a defense to counts one and four of the indictment, which charged him with criminal possession of a loaded firearm with intent to use it unlawfully against another and menacing, respectively (Penal Law §§ 265.03 [1] [b]; 120.14 [1]). We reject that contention. As defendant correctly concedes, "because possession of a weapon does not involve the use of physical force . . . , there are no circumstances when justification (Penal Law § 35.15) can be a defense to the crime of criminal possession of a weapon" (*People v Pons*, 68 NY2d 264, 267). In addition, with respect to both counts one and four, "[i]t is well settled that, '[i]n evaluating a challenged jury instruction, we view the charge as a whole in order to determine whether a claimed deficiency in the jury charge requires reversal . . . ' Reversal is appropriate—even if the standard criminal jury instruction is given—when the charge, 'read . . . as a whole against the background of the evidence produced at the trial,' likely confused the jury regarding the correct rules to be applied in arriving at a decision" (*People v Walker*, 26 NY3d 170, 174-175). Here, we conclude that the court's instructions, viewed in their entirety, "fairly instructed the jury on the correct principles of law to be applied to the case and do[ ] not require reversal" (*People v Ladd*, 89 NY2d 893, 896; *see People v Coleman*, 70 NY2d 817, 819).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court