People v Taylor (2018 NY Slip Op 05872)





People v Taylor


2018 NY Slip Op 05872


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2014-04893
 (Ind. No. 9903/12)

[*1]The People of the State of New York, respondent,
v
David Taylor, appellant.


Paul Skip Laisure, New York, NY (Steven R. Bernhard and Erica Horwitz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Thomas M. Ross, and Leonid Traps of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered May 1, 2014, convicting him of sexual abuse in the first degree, burglary in the second degree, attempted rape in the first degree, attempted sexual abuse in the first degree, and assault in the second degree, upon a jury verdict, and sentencing him as a persistent violent felony offender to an indeterminate term of imprisonment of 25 years to life for sexual abuse in the first degree, to run consecutively to three concurrent indeterminate terms of imprisonment of 25 years to life for burglary in the second degree, attempted rape in the first degree, and assault in the second degree, to run concurrently to a determinate term of imprisonment of 4 years plus 10 years of postrelease supervision for attempted sexual abuse in the first degree.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all sentences shall run concurrently with each other; as so modified, the judgment is affirmed.
Contrary to the defendant's contention, the trial court providently exercised its discretion in consolidating for a single trial two indictments charging sexual offenses. In considering consolidation, "[t]rial courts should generally weigh the public interest in avoiding duplicative, lengthy and expensive trials against the defendant's interest in being protected from unfair disadvantage" (People v Lane, 56 NY2d 1, 8). Here, both indictments charged offenses based upon the same or similar law under the sex offense statutes (see People v Molyneaux, 49 AD3d 1220; People v Reed, 212 AD2d 962; CPL 200.20[2][c]). Under the circumstances of this case, the defendant failed to "establish that substantially more proof would be required on one count than on any other" (People v Reed, 212 AD2d 962), or that the jury would be unable to consider separately the proof as it related to each offense (see People v McQueen, 266 AD2d 240).
The defendant failed to preserve for appellate review his contention that the prosecutor's summation comments encouraged the jury to commingle the evidence as to the separate charges (see CPL 470.05[2]). In any event, the contention is without merit. The prosecutor's comments constituted fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109-110; [*2]People v Herb, 110 AD3d 829, 831), and did not encourage the jury to commingle the evidence.
The defendant failed to preserve for appellate review his contention that the trial court erred in failing to instruct the jury that it was not to commingle the evidence (see CPL 470.05[2]; People v Williams, 38 AD3d 925). In any event, the jury instructions, as a whole, were adequate (see People v Tyler, 147 AD3d 1441; People v Jones, 134 AD3d 503; People v Hohl, 93 AD3d 859; People v Gonzalez, 170 AD2d 620).
The defendant was adjudicated a mandatory persistent violent felony offender. Although the sentence imposed was legal, under the circumstances of this case, we deem it excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court