Matter of Reed v Annucci (2019 NY Slip Op 06673)





Matter of Reed v Annucci


2019 NY Slip Op 06673


Decided on September 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 19, 2019

528521

[*1]In the Matter of Robert Reed, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: August 30, 2019

Before: Egan Jr., J.P., Mulvey, Devine, Rumsey and Pritzker, JJ.


Robert Reed, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondents.



Appeal from a judgment of the Supreme Court (Feldstein, J.), entered January 2, 2019 in Franklin County, which, upon reargument, in a proceeding pursuant to CPLR article 78, among other things, adhered to its prior decision granting respondents' motion to dismiss the petition.
In 1993, petitioner was convicted of two counts of rape in the first degree and was sentenced by the Niagara County Court to consecutive terms of 8&frac13; to 25 years in prison. His conviction was later upheld on appeal with a modified sentence (People v Reed, 212 AD2d 962 [1995], lv denied 86 NY2d 739 [1995]). In 1995, he was convicted of two counts of promoting prison contraband in the first degree and was sentenced by the Chemung County Court to 2½ to 5 years in prison to run concurrently with one another and consecutively to his 1993 sentence. During the course of his incarceration, petitioner has brought various proceedings in state and federal court challenging the validity of the Niagara County Court commitment and sentence, all of which were unsuccessful (see e.g. People ex rel. Reed v Tedford, 110 AD3d 1123 [2013], appeal dismissed and lv denied 22 NY3d 1008 [2013]; Matter of Reed v Fischer, 92 AD3d 1001 [2012]; Matter of Reed v Fischer, 79 AD3d 1517 [2010]; Matter of Reed v Travis, 19 AD3d 829 [2005], lv denied 5 NY3d 708 [2005]; People ex rel. Reed v Travis, 12 AD3d 1102 [2004], lv denied 4 NY3d 704 [2005]; see also Reed v Great Meadow Correctional Facility, 981 F Supp 184 [WD NY 1997]). In addition, the CPL article 440 motions that he filed in both the Niagara County Court and the Chemung County Court were denied.
In May 2017, petitioner commenced this CPLR article 78 proceeding seeking to be released from custody on the ground that he remains unlawfully confined. Respondent Commissioner of Corrections and Community Supervision moved to dismiss the petition for failure to state a cause of action and based on the doctrine of collateral estoppel. In December 2017, Supreme Court granted the motion and dismissed the petition. Thereafter, petitioner moved to vacate the judgment dismissing the petition and, in April 2018, Supreme Court denied the motion. In October 2018, petitioner made another motion denominated a "CPLR 2221 motion" for reargument seeking immediate release from prison and a "[d]efault pursuant to CPLR 3215." Supreme Court denied this motion as well, and petitioner now appeals.[FN1]
We affirm. Initially, a motion for reargument must "be made within [30] days after service of a copy of the order determining the prior motion and written notice of its entry" (CPLR 2221 [d] [3]). Petitioner's motion for reargument is clearly untimely as it was made in October 2018, more than 30 days after the dates that written notices of entry of the December 2017 and April 2018 judgments were filed (see CPLR 2221 [d] [3]). In any event, petitioner failed to demonstrate that Supreme Court, in dismissing the petition, "overlooked or misapprehended the facts and/or the law or mistakenly arrived at its earlier decision," as is necessary to succeed on a motion for reargument (Guidarelli v City of Schenectady, 167 AD3d 1402, 1403 [2018] [internal quotation marks and citations omitted]). Notably, the main thrust of petitioner's motion centers upon his claim that he is entitled to immediate release due to deficiencies in the order of commitment, a matter that has been previously litigated with an outcome unfavorable to petitioner. Petitioner's remaining contentions have been considered and have been found to be lacking in merit.
Egan Jr., J.P., Mulvey, Devine, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: Although no appeal lies from an order or judgment denying a motion to reargue, because Supreme Court addressed the merits of petitioner's motion, we "deem the court to have granted reargument and adhered to its prior decision" (Rodriguez v Jacoby & Meyers, LLP, 126 AD3d 1183, 1184 [2015], lv denied 25 NY3d 912 [2015]). As such, the judgment is appealable as of right (see id.).